BZOVI v. CITY OF LIVONIA.

1. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—OUTDOOR DRIVE-IN MOVING PICTURE THEATER.

A zoning ordinance which prohibits the construction of an outdoor drive-in moving picture theater is unreasonable and arbitrary, where the neighboring territory is either vacant, unimproved land, or devoted to heavy industrial plants and there is ample vacant property for residential use.

2. NUISANCE—DRIVE-IN THEATER.

A drive-in theater is a legitimate business and not a nuisance per se.

3. MUNICIPAL CORPORATIONS—BUSINESS—TRADE—NUISANCE PER SE.

The power of a municipal corporation to prevent or prohibit a business or trade is to be exercised in the event the business or trade is per se of such a nature that its tendency is dangerous to morals, health or safety, that is, if it is a nuisance per se.

4. SAME—ZONING ORDINANCE—PROSCRIPTION OF LEGITIMATE BUSINESS.

A zoning ordinance may not be employed to proscribe generally a legitimate business, unless the prohibition has a reasonable relationship to the health, morals or welfare of the community.

5. SAME—ZONING ORDINANCE—COMMERCIAL USE—DRIVE-IN THEATER—BUILDING PERMIT.

Provision of city zoning ordinance classifying all but 300' each way from intersection as rural urban farm zone and ex-

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning § 113.
[2] 52 Am Jur, Theaters, Shows, Exhibitions, and Public Resorts § 45.
[3] 37 Am Jur, Municipal Corporations § 288.
[4] 58 Am Jur, Zoning § 26.
[6] 58 Am Jur, Zoning § 231 et seq.
[7] 14 Am Jur, Costs § 92.

cluding commercial use thereof on plaintiff's 54-acre tract of land, located at an intersection of 2 very busy thoroughfares, *held*, not confiscatory, hence, where erection of drive-in theater would be a commercial use extending into noncommercial zone of such tract, a building permit for such theater was properly denied.

6. Same—Zoning Ordinance.
   The municipal legislative judgment as to a zoning classification must prevail, where the validity of such classification is debatable.

7. Costs—Appeal by Both Parties—Affirmance.
   No costs are allowed upon affirmance of a decree rendered by a trial court, where parties have filed an appeal and a cross appeal.

Appeal from Wayne; Maher (Thomas F.), J. Submitted April 2, 1957. (Calendar No. 47,089.) Decided December 24, 1957.

Mandamus by Daniel Bzovi against City of Livonia, a municipal corporation, its zoning board of appeals, and Donald Wilson, its chief inspector, to enforce issuance of building permit for drive-in theater and to invalidate zoning ordinance in respect to his property. Writ denied. Plaintiff appeals. Defendants cross-appeal in respect to that portion of decision pertaining to drive-in theaters generally. Affirmed.

*Nandino Perlongo*, for plaintiff.

*William N. Ponder*, for defendant city.

Edwards, J. This is another difficult zoning problem. By so saying, in effect, we foretell the result of this case. For we are asked herein to set aside as unconstitutional a certain zoning classification on the grounds that it represents an arbitrary, capricious, and unreasonable legislative judgment.

Plaintiff in this case purchased 54 acres of land at the southwest corner of Middlebelt and School-craft, in the city of Livonia, in November, 1954. At the time of his purchase he knew the provisions of the previously-adopted zoning ordinance of which he now complains. He purchased the property for the purpose of building a large drive-in theater. His application for a building permit for this purpose was refused on the ground that the use contemplated was prohibited by the zoning ordinance.

Plaintiff thereupon brought mandamus proceedings to compel the issuance of such permit, alleging that the specific provision of the zoning ordinance of the city of Livonia which prohibited drive-in theaters at any place in said city was unconstitutional, and that the zoning plan applied to the 54 acres which he had purchased was unreasonable and capricious and, hence, unconstitutional.

The circuit judge before whom the mandamus proceedings was heard disposed of the first question as follows:

"With reference to the first objection raised by the defendants as a basis for not issuing the building permit, it must be borne in mind that a drive-in theater is a legitimate business enterprise; that the city of Livonia is a new city containing 36 acres [*sic* square miles] of area, and that the record shows that there is ample vacant and industrial area on which to locate the same. This ordinance prohibits the erection of a drive-in theater anywhere within its corporate limits.

"A zoning ordinance which prohibits the construction of an outdoor drive-in moving picture theater, is unreasonable and arbitrary where the neighboring territory was either vacant, unimproved land, or devoted to heavy industrial plants, and there also was ample vacant property for residential use. *People, ex rel. Trust Company of Chicago,* v. *Village of Skokie,* 408 Ill 397 (97 NE2d 310).

"In *King* v. *James*, 88 Ohio App 213, 215:

" 'We are convinced and apparently it is now conceded that a drive-in theater is not a nuisance per se.'

"In 62 CJS, Municipal Corporations, § 237, pp 597, 598, it is stated:

" 'The power to prevent or prohibit a business or trade is to be exercised in the event the business or trade is per se of such a nature that its tendency is dangerous to morals, health, or safety. In other words, if a business is a nuisance per se, the municipal corporation may prevent it. A business cannot be prohibited as a nuisance unless in fact it is a nuisance.'

"Therefore, the court is of the opinion that this ordinance is unreasonable and arbitrary."

As to this first issue, defendant city took a cross appeal. We believe, however, that the circuit judge was right and we adopt his opinion thereon. For the reasons given therein, we hold that a drive-in theater is a legitimate business. *City of Somerset* v. *Sears,* 313 Ky 784 (233 SW2d 530). A zoning ordinance may not be employed to proscribe generally a legitimate business, unless the prohibition has a reasonable relationship to the health, morals or welfare of the community. *Gust* v. *Township of Canton,* 342 Mich 436. We concur in the trial judge's opinion as to the invalidity of section 4.09 of defendant's zoning ordinance purporting to prohibit the establishment of any outdoor theaters, and, hence, deny the cross appeal of defendant city of Livonia.

The principal question in this case, however, pertains to the zoning pattern defendant city applied to the 54 acres at the corner of Middlebelt and Schoolcraft. Both highways are shown by the testimony to be heavily-traveled thoroughfares. The ordinance recognizes the importance of the intersection by C–2 (commercial) zoning paralleling both highways to a depth of 300 feet. The balance of the 54 acres is zoned RUFB which is a rural urban farm classifica-

tion under which the drive-in theater would be prohibited as a commercial use.

The record discloses that the RUFB zoning of the interior portion of the piece has the effect of forestalling plaintiff's drive-in theater plan, if held valid, because of the space requirements of the theater.

In contending that the zoning is plainly arbitrary and capricious, plaintiff points to a large race track built on acreage on the southeast corner of the intersection in question. He also points to manufacturing zoning and 2 industrial institutions south of his parcel of acreage, along the Chesapeake & Ohio railroad.

Defendant, on the other hand, points to the fact that the rural urban farm zoning continues from plaintiff's property in a generally continuous line west along Schoolcraft, and to a general residential area to the north and west. The zoning pattern complained of may be more effectively viewed than described in the reproduction which follows of a portion of exhibit 1 in these proceedings:

The trial judge who heard this matter dealt with the second of the issues presented to him, as follows:

"With reference to the second point raised that the zoning ordinance forbids the erection of a drive-in theater on the site proposed by plaintiff, the court is of the opinion that the zoning as reflected by the zoning plan for the city of Livonia is not capricious, arbitrary, discriminatory, or unconstitutional, nor does it amount to a confiscation of a part of plaintiff's property. It is true that a race track is across the street from the present proposed site and that north of the proposed site is a vacant area which is to be subdivided into residential property and that both east and west of the site in question is unimproved property. The part of plaintiff's property which he proposes to use for the theater is zoned as RUF, or a rural urban farm under the ordinance. Under this section petitioner can use his property for residential purposes, along with incidental uses such as nurseries, greenhouses and truck gardens.

"The council for the city of Livonia in the exercise of its good judgment adopted this plan for zoning. Every zoning ordinance has to have a beginning and an ending and one zone has to be separated from another at one point or another. The court does not propose to undertake a legislative function and set up a new zoning district for the city of Livonia. That is not properly a function of the judiciary. Therefore, for this reason, and this reason only, the petitioner is not entitled to a writ of mandamus and the cause should be dismissed, the zoning ordinance being held valid in all respects as applied to petitioner's property."

Again we agree with the conclusion reached by the circuit judge.

We certainly feel that reasonable minds might well differ about the wisdom of the zoning pattern we have described. It is apparent that uses pre-existing the zoning ordinance have prevented the adoption of a wholly consistent plan. However, the rural urban

farm zoning stretches generally to the west and north of plaintiff's property, and the trial judge has found that the evidence does not indicate confiscation of any part of plaintiff's property.

Plaintiff relies principally upon *Gust* v. *Township of Canton, supra;* and *Bassey* v. *City of Huntington Woods,* 344 Mich 701. We do not read the former as holding that a city may not take into account the probable future development of the community in establishing a zoning pattern where this is done in reasonable relationship to presently-existing conditions. The instant zoning pattern clearly contemplates residential development along and south of Schoolcraft road. The evidence contained in this record of presently-existing residential developments and the expert testimony of realtors and city planners indicates that there are existing facts which justify this expectation. The mere use of the term "zoning plan" automatically implies some consideration of the future.

Nor do we believe that the *Bassey Case* is precedent for the result plaintiff-appellant seeks here to reach. That case upheld a trial court's finding that certain Woodward avenue lots in Huntington Woods were not feasible or suitable for single-family use as zoned. Weight was lent to the opinion by the fact that in almost 40 years only 1 single-residential house had been built in the area concerned.

Our current facts are quite different. In this case there is ample evidence to indicate that the property in question can be effectively developed for residential use, and the trial judge so found.

Under the total record, we cannot conclude that the zoning provisions complained of were arbitrary, capricious or unreasonable. Where the validity of a zoning classification is fairly debatable, the legislative judgment thereon must prevail. *Village of Euclid* v. *Ambler Realty Co.,* 272 US 365 (47 S Ct

114, 71 L ed 303, 54 ALR 1016); *Highland Oil Corporation* v. *City of Lathrup Village,* 349 Mich 650; *Brae Burn, Inc.,* v. *City of Bloomfield Hills,* 350 Mich 425.

The judgment of the court below denying the writ of mandamus sought and dismissing this petition is affirmed. No costs, neither party having prevailed entirely.

DETHMERS, C. J., and SHARPE, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.

SMITH, J., did not sit.