OTTAWA COUNTY FARMS, INC v POLKTON TOWNSHIP

Docket No. 69283. Submitted June 15, 1983, at Grand Rapids.—Decided December 19, 1983. Leave to appeal applied for.

Plaintiff, Ottawa County Farms, Inc., brought an action in the Ottawa Circuit Court against defendant, Township of Polkton, seeking injunctive relief following the defendant's refusal to permit the construction of a sanitary refuse landfill on plaintiff's property located in the defendant township. The property in question is zoned as agricultural. In its action, the plaintiff challenged the defendant's zoning ordinance and the amendment thereto. The circuit court, James E. Townsend, J., found the ordinance, as it existed prior to and after amendment, unconstitutional and invalid and entered a judgment restraining defendant from any further interference with or regulation of the plaintiff's construction of the landfill. Defendant's posttrial motions for a new trial and a temporary. injunction restraining the plaintiff from constructing the landfill until defendant's planning commission could recommend a new zoning ordinance were denied. Defendant appeals. The Court of Appeals granted a motion for leave to file an amicus curiae brief on behalf of the Polkton Citizens for the Prevention of Environmental Pollution. *Held:*

1. The circuit court properly concluded that § 4.20 of defendant's zoning ordinace, as it existed prior to and after amendment, is unconstitutional and invalid since it totally excluded landfills from the township and this exclusion bore no reason-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 822.

27 Am Jur 2d, Equity § 266.

[2-6] 82 Am Jur 2d, Zoning and Planning §§ 15, 103.

[3] 82 Am Jur 2d, Zoning and Planning § 308.

[4] 82 Am Jur 2d, Zoning and Planning § 145.5.

[5] 82 Am Jur 2d, Zoning and Planning § 11.

[6] 82 Am Jur 2d, Zoning and Planning § 41.

Aesthetic considerations or objectives as affecting validity of zoning ordinance. 83 ALR3d 1084.

[7] 82 Am Jur 2d, Zoning and Planning § 360.

able relationship to the health, safety, or general welfare of the community.

2. Defendant's claim that the burden of proof was shifted to it is not supported by the record. The circuit court imposed on plaintiff the burden to prove that the total exclusion of landfills bore no reasonable relationship to health, safety, or general welfare.

3. In regard to the requirement that plaintiff show that the zoning ordinance was invalid as applied to it: (1) defendant's evidence that the site was suitable for agricultural use has no relevance regarding whether the site was suitable for a landfill; (2) the testimony regarding future urban development in the vacinity of plaintiff's site was speculative and unconvincing; (3) the circuit court properly found that defendant's aesthetic objection did not save the ordinance from invalidity since aesthetics alone may not establish as reasonable the exclusion of the proposed landfill.

4. The circuit court properly determined that defendant failed to show that plaintiff's proposed landfill will violate the federal Highway Beautification Act of 1965 or the state junk-yard control act.

5. In light of the degree of state regulation of landfills, there was no significant void of regulation making a remand to the township planning commission for the purpose of formulating a new ordinance necessary. Therefore, the circuit court did not err in refusing to remand.

Affirmed.

1. EQUITY — APPEAL.
   The Court of Appeals reviews equity cases *de novo*, however, it gives considerable weight to the fact-findings of the trial judge.

2. ZONING — PROSCRIPTION OF LEGITIMATE USE — MUNICIPAL CORPORATIONS.
   A zoning ordinance which totally excludes from a municipality a legitimate use of property is valid only if the total exclusion has a reasonable relationship to the health, safety, or general welfare of the community.

3. ZONING — PRESUMPTION OF VALIDITY — BURDEN OF PROOF — MUNICIPAL CORPORATIONS.
   A zoning ordinance is presumed to be valid and the party challenging an ordinance bears the burden of proving that it is unreasonable; however, a line of authority suggests that the presumption of validity does not apply where, on its face, an ordinance totally excludes a legitimate use from a community.

4. ZONING — PROSCRIPTION OF LEGITIMATE USE — MUNICIPAL CORPORATIONS.

An aggrieved property owner in an action where it is found that a zoning ordinance which totally excludes landfills in a municipality is unreasonable must prove that the exclusion of the landfill from his particular parcel of property is not reasonably related to the health, safety, or general welfare of the community; *i.e.,* that the zoning ordinance is invalid as applied to him.

5. ZONING — URBAN DEVELOPMENT — PRESENT CONDITIONS — FUTURE DEVELOPMENT.

The determination of whether a zoning ordinance is valid focuses on presently existing conditions where the ordinance is sought to be justified on the basis of orderly urban development; while future development may be a valid justification for exclusion of a proposed use where such development is imminent or a factual certainty, it is not where the future development is merely speculative.

6. ZONING — GENERAL WELFARE — AESTHETICS.

Aesthetics may validly be considered in determining whether a zoning ordinance has a reasonable relationship to the general welfare of a community; however, it may not serve as the sole reason for excluding a legitimate use of property.

7. ZONING — TRIAL — REMAND — INVALIDATED ORDINANCES.

A remand by the trial court to a municipal planning commission may be proper in a case where a zoning ordinance is invalidated because it totally excludes a particular use of property where necessary to protect the community's health, safety, or general welfare by allowing the authority to fill the void created by the court's invalidation of its ordinance; however, a trial court does not err in refusing to remand where there is no significant void of other regulations which would make a remand necessary.

*Scholten, Fant & Marquis, P.C.* (by *R. Neal Stanton* and *Larry Sanders),* for plaintiff.

*Bussard & Sielski* (by *James W. Bussard),* for defendant.

Amicus Curiae:

*Foster, Swift, Collins & Coey, P.C.* (by *David*

*VanderHaagen* and *Stephen O. Schultz),* for Polkton Citizens for the Prevention of Environmental Pollution.

Before: R. B. BURNS, P.J., and MACKENZIE and J. L. BANKS,* JJ.

MACKENZIE, J. This zoning case concerns plaintiff's construction of a sanitary refuse landfill on property located within defendant township. The site in question is zoned as an agricultural district. Plaintiff's first request of defendant for permission to establish the landfill was denied, and plaintiff filed suit in circuit court seeking injunctive relief. While that suit was pending, defendant amended its zoning ordinance and plaintiff sought permission to establish the landfill under the ordinance as amended, but was again unsuccessful. Plaintiff then amended its complaint to incorporate a challenge to this second refusal by defendant to permit the landfill.

The circuit court found the zoning ordinance unconstitutional and invalid, and entered a judgment restraining defendant from any further interference with or regulation of plaintiff's construction of the landfill. Defendant made a posttrial motion for a new trial and for a temporary injunction restraining plaintiff from constructing the landfill until the township planning commission adopted a new ordinance to take the place of that invalidated. The circuit court denied defendant's motions, and defendant appeals as of right.

While this Court reviews equity cases *de novo,* we give considerable weight to the fact-findings of the trial judge. *Kropf v Sterling Heights,* 391 Mich 139, 152, 163; 215 NW2d 179 (1974). A zoning

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ordinance which totally excludes from the municipality a legitimate use of property is valid only if the total exclusion has a reasonable relationship to the health, safety, or general welfare of the community. *Bzovi v Livonia,* 350 Mich 489, 492; 87 NW2d 110 (1957); *Roman Catholic Archbishop of Detroit v Village of Orchard Lake,* 333 Mich 389, 392; 53 NW2d 308 (1952). The circuit court concluded that § 4.20 of defendant's zoning ordinance, as it existed prior to and after amendment, totally excluded landfills from the township, and that this exclusion bore no reasonable relationship to the health, safety, or general welfare of the community. We agree.

Our review of the zoning ordinance prior to amendment reveals that under neither § 4.20 nor any other provision would a sanitary landfill be permitted by defendant, and indeed defendant appears not to have seriously contended otherwise before the circuit court. The amendment to § 4.20 added new provisions permitting landfills in industrial-zoned districts if they complied with various restrictions, one being that the landfill be located more than 1,000 feet from any highways. However, the amended ordinance in effect also totally excluded landfills because no existing industrial-zoned land could meet the 1,000-foot requirement, and there was testimony indicating that any request to rezone property from agricultural to industrial would be denied, as was plaintiff's request. In addition, there was testimony that defendant intended to prevent the establishment of any landfills in the township.

The record supports the circuit court's conclusion that there was no evidence showing that this total exclusion of landfills from the township was reasonably related to protection of the health,

safety, or general welfare of the community. De-
fendant, however, asserts on appeal that the cir-
cuit court erred in placing the burden of proof on
defendant rather than on plaintiff. Our Supreme
Court has held that a zoning ordinance is pre-
sumed to be valid and that the party challenging
the ordinance bears the burden of proving that it
is unreasonable. *Kirk v Tyrone Twp*, 398 Mich
429, 439; 247 NW2d 848 (1976); *Kropf, supra.*
However, there is also a line of authority suggest-
ing that this presumption of validity does not
apply where, on its face, an ordinance totally
excludes a legitimate use from the municipality.
*Kropf, supra,* pp 155-156; *Roman Catholic Arch-
bishop of Detroit, supra,* pp 393-394. We need not
determine whether the presumption of validity
and placement of the burden on the challenging
party should or should not apply in the present
case since defendant's assertion that the burden
was shifted to it is not supported by the record.
The court's opinion, rendered orally from the
bench, was unclear as to whom the court placed
the burden of proof upon, and, in its later ruling
denying defendant's motion for a new trial, the
court clarified that it had imposed on plaintiff the
burden to prove that the total exclusion bore no
reasonable relationship to health, safety, or gen-
eral welfare.

Our finding that the total exclusion of landfills
was unreasonable does not end the inquiry. In
addition to such a showing, plaintiff was also
required to prove that exclusion of a landfill from
its particular parcel of property was not reason-
ably related to the health, safety, or general wel-
fare of the community. *Bzovi, supra; Dettore v
Brighton Twp*, 91 Mich App 526, 535; 284 NW2d
148 (1979), *vacated on other grounds* 408 Mich 957;

294 NW2d 692 (1980). In other words, plaintiff had to show that the zoning ordinance was invalid as applied to it. While the circuit court's opinion contains no express statement recognizing this second step of the inquiry, still plaintiff and defendant presented evidence pertaining to this issue and the court's opinion reflects that the court considered this evidence. There was uncontroverted evidence that plaintiff's proposed site was geologically suitable for a landfill, and defendant introduced no evidence indicating that a landfill on the site would pose health or safety risks, or interfere in any way with the existing agricultural use of nearby property. Defendant instead argued that exclusion of a landfill from plaintiff's site was reasonable because the proposed landfill would interfere with an orderly development of urban expansion, would harm the appearance of the township, and because the site was especially suitable for agricultural use.

As to the evidence showing that the site was suitable for agricultural use, this has no relevance regarding whether the site was suitable for a landfill. With respect to the urban development justification, our Supreme Court has emphasized that, in determining whehter an ordinance is valid, the focus must be on presently existing conditions. *Biske v Troy,* 381 Mich 611, 617-618; 166 NW2d 453 (1969); *Gust v Canton Twp,* 342 Mich 436, 440-442; 70 NW2d 772 (1955). Thus, while future development may be a valid justification for exclusion where it is imminent or a factual certainty, it is not where the future development is merely speculative. *Kropf, supra,* p 151, quoting with approval from *Kropf v Sterling Heights,* 41 Mich App 21, 26; 199 NW2d 567 (1972). In the present case, there was no evidence

of presently existing plans of defendant for urban development in the area of plaintiff's property, or evidence of existing facts warranting an expectation of imminent or certain urban development in that area. Contrast *Bzovi, supra,* p 496. We agree with the circuit court's conclusion that the testimony regarding future urban development in the vicinity of plaintiff's site was speculative and unconvincing.

Finally, we are left with defendant's aesthetic objection to plaintiff's landfill. Aesthetics is a valid part of the general welfare concept; however, it may not serve as the sole reason for excluding a ligitimate use of property. *Wolverine Sign Works v Bloomfield Hills,* 279 Mich 205; 271 NW 823 (1937); *Sun Oil Co v Madison Heights,* 41 Mich App 47, 53; 199 NW2d 525 (1972). Since defendant's only remaining justification is one of aesthetics, it alone does not establish as reasonable the exclusion of plaintiff's proposed landfill. The circuit court properly found that defendant's aesthetic objection did not save the ordinance from invalidity.

In view of the foregoing, we affirm the circuit court's judgment finding § 4.20 of the zoning ordinance, both prior to and after amendment, unconstitutional and invalid since the total exclusion of landfills from the township and from plaintiff's property was not reasonably related to the health, safety, or general welfare of the community. We also affirm the circuit court's determination that defendant failed to show that plaintiff's proposed landfill will violate the federal Highway Beautification Act of 1965, 79 Stat 1030; 23 USC 136, or § 3 of the state junkyard control act, MCL 252.203; MSA 9.391(13). The berm proposed by plaintiff to shield the landfill from the view of persons using

the adjacent highways is not an impermissible means of screening under the above statutes, and defendant did not show that the proposed berm would not effectively screen the landfill in compliance with the statutes.

The final issue for our consideration is whether, upon finding § 4.20 of defendant's zoning ordinance to be invalid, the circuit court erred in refusing defendant's request to remand to the township planning commission for the purpose of formulating a new ordinance, pursuant to the procedure set forth in *Ed Zaagman, Inc v Kentwood,* 406 Mich 137, 179-183; 277 NW2d 475 (1979), and to temporarily enjoin construction by plaintiff in the meantime. The circuit court determined that the *Zaagman* remand procedure was not applicable to cases, like the present one, where an ordinance is invalidated because it totally excludes a particular use of property.

In some cases, the absence of a remand to the zoning authority will mean that the property owner can institute the desired land use virtually unfettered by any regulation. Thus, we believe a remand might be proper in a total exclusion case where necessary to protect the community's health, safety, or general welfare by allowing the zoning authority to fill the void created by the court's invalidation of its ordinance. See *Central Advertising Co v St Joseph Twp,* 125 Mich App 548; 337 NW2d 15 (1983). However, in the present case involving a sanitary landfill, invalidation of defendant's ordinance did not leave a significant void of regulation since landfills are subject to state regulation under the Solid Waste Management Act, MCL 299.401 *et seq.;* MSA 13.29(1) *et seq.* The act, and Department of Natural Resources regulations promulgated thereunder, pro-

vide much more thorough state regulation than that involved in *Central Advertising Co, supra,* thus making that case distiguishable; however, we express no opinion as to whether the act totally preempts local regulation of landfills. We simply hold that in light of the degree of state regulation of landfills, there was no significant void of regulation making a remand necessary, and therefore the court did not err in refusing to remand.

Affirmed. No costs, issues of public significance being involved.