**IN THE COURT OF APPEALS OF TENNESSEE**
**WESTERN SECTION AT KNOXVILLE**

FILED

February 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **GREENBACK CRUSHED STONE, INC.,** | ) |
| | ) |
| Plaintiff/Appellant, | ) **Loudon Circuit No. 5832** |
| | ) |
| **VS.** | ) **Appeal No. 03A01-9706-CV-00207** |
| | ) |
| **LOUDON COUNTY COMMISSION,** | ) |
| | ) |
| Defendant/Appellee. | ) |

**APPEAL FROM THE CIRCUIT COURT OF LOUDON COUNTY**
**AT LOUDON, TENNESSEE**
**THE HONORABLE RUSSELL E. SIMMONS, JR., JUDGE**

**DAVID T. BLACK**
**KIZER AND BLACK**
Maryville, Tennessee
Attorney for Appellant

**DEAN B. FARMER**
**HODGES, DOUGHTY & CARSON**
Knoxville, Tennessee
Attorney for Appellee

**AFFIRMED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**WILLIAM H. WILLIAMS, Sr. J.**

Plaintiff Greenback Crushed Stone, Inc., appeals the judgment of the trial court

upholding the validity of an amendment to the Loudon County zoning laws enacted by Defendant/Appellee Loudon County Commission. We affirm.

Greenback owns and operates a rock quarry on Big Hill Road in Loudon County. The area of Loudon County in which Greenback's rock quarry is located is zoned A-2, defined by Loudon County's zoning laws as a Rural Residential District. In districts zoned A-2, the subsurface extraction of natural mineral resources, such as Greenback's rock quarry, is permitted as a special exception. Loudon County's zoning laws also permit "accessory uses which are customarily incidental to the permitted principal uses" in A-2 districts.

In June 1996, Greenback submitted a request for a special exception to Loudon County's zoning laws in which it sought permission to operate an asphalt plant as an accessory use to its rock quarry. In April 1995, Loudon County's Board of Zoning Appeals had denied a similar request submitted by Greenback. This time, in response to Greenback's request, the Loudon County Regional Planning Commission recommended to the County Commission that it enact legislation specifying that concrete and asphalt plants are not permitted accessory uses in districts zoned A-1 or A-2. Consequently, the County Commission published a notice of a public hearing to discuss an amendment which provided that "[c]oncrete and asphalt plants/facilities are not considered an accessory use" to the "[s]ubsurface extraction of natural mineral resources."

In August 1996, the County Commission held a public hearing in which area residents participated, as well as representatives of Greenback and the Office of Planning and Community Development. At the hearing's conclusion, the County Commission voted to pass a resolution adopting the amendment by a 6-3 vote.

Greenback subsequently brought this action for a declaratory judgment in which it challenged the validity of the zoning amendment enacted by the County Commission. After filing its answer, the County Commission moved for summary judgment contending,

2

inter alia, that its passage of the zoning amendment was a legislative matter over which the trial court had limited review and that, as a matter of law, the Commission's action withstood such scrutiny. The trial court agreed and entered a judgment upholding the validity of the challenged zoning amendment. This appeal followed.

This court recently summarized the standard of review applicable in cases where courts are asked to rule on the validity of a zoning ordinance or amendment. In Family Golf of Nashville, Inc. v. Metropolitan Government of Nashville and Davidson County, No. 01A01-9612-CH-00557, 1997 WL 625281 (Tenn. App. Oct. 10, 1997), a case involving the validity of an amendment to the defendant's zoning ordinance adopted by its Metropolitan Council, we stated:

> Local legislative bodies have broad discretion in enacting or amending zoning ordinances. When the validity of a zoning ordinance is fairly debatable, the courts may not substitute their judgment for that of the local legislative body. A zoning ordinance should be found valid unless it is "clearly arbitrary, capricious, or unreasonable, having no substantial relationship to the public health, safety, or welfare, or plainly contrary to the zoning laws." McCallen v. City of Memphis, 786 S.W.2d 633, 640 (Tenn. 1990). Because the "rational basis" test is the most deferential form of judicial scrutiny, a reviewing court should uphold a challenged zoning ordinance if there is any possible reason that can be conceived to justify it. Fallin v. Knox County Bd. of Comm'rs, 656 S.W.2d 338, 343-44 (Tenn. 1983).

Family Golf, 1997 WL 625281, at *5.

At the August 1996 public hearing on the zoning amendment, several residents who lived near the rock quarry expressed their concern over permitting an industrial use like an asphalt plant in a rural area characterized primarily by residential and agricultural uses. Residents were concerned that the operation of an asphalt plant would result in an increase in large truck traffic through residential streets, dust emissions from the plant itself, and water runoff containing plant wastes. Jim Beeler, a salesman for a manufacturer of furnaces used in asphalt plants, spoke on behalf of Greenback. Beeler stated that dust emissions from asphalt plants were now kept to a minimum by modern technologies. As for the waste water runoff, Beeler explained that asphalt trucks would be cleaned at the asphalt plant by a system which separated the oils from the water. The waste water then

3

would go into nearby concrete settling ponds. Although he indicated that the concrete settling ponds would be designed for flood situations, Beeler acknowledged that accidents were possible. Beeler also did not dispute the residents' claims that the asphalt plant would increase the truck traffic through the area. The Director of the Office of Planning and Community Development indicated that, if the zoning amendment was passed, asphalt plants still would be permitted uses in M-1 industrial districts.

Given the arguments and evidence before the Loudon County Commission, we conclude that the issue of whether the zoning amendment was in the community's best interest was "fairly debatable." The County Commission well may have concluded that an asphalt plant was an industrial use which was not compatible with the residential and agricultural uses of the A-2 Rural Residential District. Inasmuch as a rational basis could have existed for the approval of the amendment, we hold that the Commission's action was valid. See Carter v. Adams, 928 S.W.2d 39, 41 (Tenn. App. 1996); see also Family Golf, 1997 WL 625281, at *6.

In opposing the Commission's motion for summary judgment, Greenback submitted the affidavits of industry consultants and one of Greenback's owners, who attested to the cleanliness and safety of modern asphalt plants, as well as the physical and financial impracticality of locating an asphalt plant in the areas currently zoned M-1.[1] On appeal, Greenback contends that these affidavits demonstrated the existence of disputed issues of fact which precluded the grant of summary judgment. In our view, however, these affidavits further illustrate the "fairly debatable" nature of the issue before the County Commission and, thus, we decline to substitute our judgment for that of the Commission.

The judgment of the trial court is hereby affirmed. Costs on appeal are taxed to Greenback, for which execution may issue if necessary.

---

[1]Contrary to Greenback's contention, the zoning amendment at issue in this case did not totally exclude asphalt plants from Loudon County. Cf. Robertson County v. Browning-Ferris Indus., 799 S.W.2d 662, 666 (Tenn. App. 1990) (invalidating ordinance insofar as it totally excluded sanitary landfills from county). We also reject Greenback's contention that the County Commission's enactment of the zoning amendment impaired a vested right of Greenback. See State ex rel, SCA Chemical Waste Servs. v. Konigsberg, 636 S.W.2d 430, 437 (Tenn. 1982); Schneider v. Lazarov, 390 S.W.2d 197, 200-01 (Tenn. 1965).

_____
HIGHERS, J.

CONCUR:


_____
CRAWFORD, P.J., W.S.


_____
WILLIAMS, Sr. J.

5