IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 3, 2016 Session

## WESTERN FARM PRODUCTS, LLC, INC. v. SUMNER COUNTY, TN, ET AL.

Appeal from the Chancery Court for Sumner County
No. 2011CV421     Joe H. Thompson, Chancellor
_____

No. M2015-02003-COA-R3-CV – Filed June 19, 2017
_____

A property owner who wished to construct and operate a quarry sought a declaratory judgment that a Sumner County Zoning Resolution, which was alleged to exclude quarrying and mining activities, is unconstitutional and in violation of the Tennessee zoning enabling statutes. A group of adjoining property owners were permitted to intervene in the proceeding, and the court granted summary judgment to the county and adjoining property owners. The property owner now appeals. We find that the evidence relied upon by the property owner does not establish that the ordinance at issue prohibits all quarrying activities and affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and THOMAS R. FRIERSON, II, J., joined.

Thomas V. White and George A. Dean, Nashville, Tennessee, for the appellant, Western Farm Products LLC, Inc.

Leah May Dennen, Gallatin, Tennessee; and A. Scott Derrick, Nashville, Tennessee, for the appellee, Sumner County, Tennessee.

David M. Amonette, Gallatin, Tennessee, for the intervening appellees, Thomas Neal, Jr., Lester Lonzo Luce, Carol Dee Luce, John J. Simons, and Allyson Simons.

## OPINION

This is the second appeal in this case. In the first appeal, styled *Western Farm Products, LLC v. Sumner County*, No. M2013-01578-COA-R3-CV, 2014 WL 1852973 (Tenn. Ct. App. May 5, 2014), Western Farm Products, LLC ("Western") appealed the

dismissal of its petition for certiorari review of the Sumner County Board of Zoning Appeals' denial of a conditional use permit to operate a quarry on its 350 acres of property which is currently zoned RIA, general residential; we affirmed the trial court. On September 2, 2011, the same day it filed the petition for certiorari, Western filed a declaratory judgment action naming Sumner County ("the County") as defendant; no action was taken on that case while the certiorari case was on appeal. The instant appeal is from the trial court's grant of summary judgment against Western in the declaratory judgment action.

Western sought a declaration that the Sumner County Zoning Resolution, which operates as the county's zoning plan, did not specifically permit mining and quarrying in the county, and that the exclusion of these activities violated the Tennessee Constitution and zoning statutes at Tennessee Code Annotated section 13-7-101, *et seq*. Western requested that the court, *inter alia*, issue an injunction preventing the County from excluding mining and quarrying activity and order the County to issue Western a building permit or certificate of occupancy for the proposed quarry.[1] Thomas Neal, Jr., Lester Lonzo Luce and wife, Carol Dee Luce, and John J. Simons and wife, Allyson Simons, owners of property adjacent to Western's property (the "Intervenors"), were allowed to intervene in the case; they opposed Western's proposed use of its property, contending that Western's proposal "to operate a quarry with asphalt and concrete plants and rock crushing facilities . . . would dramatically impact the nature and value of [their] adjoining property, as well as [their] peace and enjoyment of same."

In due course, the Intervenors moved for summary judgment, contending that the action taken by the Sumner County Board of Commissioners on May 19, 2014, to amend the Zoning Resolution to create a floating district entitled the "Mining and Quarrying Floating Zone," which serves as a floating zone over areas which are zoned Industrial, permits the activities in which Western is engaged and, therefore, rendered Western's action moot. The trial court held that the Zoning Resolution, as amended, permitted mining and quarrying and, consequently, granted summary judgment to the Intervenors.[2] Western appeals, raising the following issue: "Whether the Sumner County Zoning Regulations effectively excludes quarries from locating within the county?"

---

[1] On Intervenors' motion for judgment on the pleadings, the court struck the prayer for relief requesting that the court order the County to issue a building permit or certificate of occupancy. The ruling on that motion is not at issue in this appeal.

[2] Sumner County had filed a response in support of the summary judgment motion; after the motion was granted, an order was entered holding that "summary judgment applies equally to Sumner County . . . [and that] [Western] and the County agree that plaintiff's claims . . . should be dismissed in their entirety and the Final Order Granting Judgment entered."

## I. STANDARD OF REVIEW

This case, filed on September 2, 2011, was resolved on motion for summary judgment. A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits…show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04.[3] We review the trial court's ruling on a motion for summary judgment *de novo* with no presumption of correctness, as the resolution of the motion is a matter of law. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn. 1997); *Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010)). We view the evidence in favor of the non-moving party by resolving all reasonable inferences in its favor. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003); *Godfrey v. Ruiz*, 90 S.W.3d 692,695 (Tenn. 2002).

## II. DISCUSSION

As an initial matter we address the Intervenors' argument that the trial court could have granted them summary judgment on the issue of mootness. In presenting their motion for summary judgment, the Intervenors took the position that the Board of Commissioners' passage of the amendment to the Zoning Resolution that created the floating zone rendered the case moot, arguing that:

> [e]ven if this Court were to agree with Plaintiff that the Sumner County Zoning Ordinance is unconstitutional[, t]he only remedy this Court could grant would be to remand the case to the Sumner County legislative body in

---

[3] Prior to July 1, 2011, courts which were considering motions for summary judgment were to apply the standard set forth in *Hannan v. Alltel Publishing Co.*, 270 S.W.3d 1 (Tenn. 2008); for cases filed after July 1, 2011, courts were to apply Tennessee Code Annotated section 20-16-101. In *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235 (Tenn. 2015), our Supreme Court overruled *Hannan* and adopted the standard applicable to summary judgment practice under Federal Rule 56; the court opined:

> Our overruling of *Hannan* means that in Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. ... The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264-65 (Tenn. 2015). In the Memorandum Opinion, the court correctly noted that section 20-16-101 governed the consideration of the motion.

> order to require it to amend its zoning resolution accordingly. *Robertson County, Tennessee v. Browning-Ferris Industries of Tennessee, Inc.*, 799 S.W.2d 662 at 667 (Tenn. Ct. App. 1990). Because this has already occurred, there is nothing further for this Honorable Court to do in this case. The Plaintiff's case is moot.
> * * *
> Likewise, a ruling by this Court upholding the constitutionality of the original Sumner County Zoning Ordinance would be meaningless and unnecessary since the Ordinance has already been amended.

The trial court rejected Intervenors' argument, holding that it was called upon "to decide whether Sumner County's zoning scheme amounts to a *de facto* exclusionary zoning of quarries/mines" rather than the *de jure* exclusionary zoning ordinance at issue in *Robertson County*. Intervenors reiterate the argument on appeal.

We respectfully disagree that this matter was rendered moot by the county's passage of the amendment to the Zoning Resolution. A moot case is one that has lost its justiciability because it no longer involves a present, ongoing controversy. *McCanless v. Klein*, 188 S.W.2d 745, 747 (Tenn. 1945); *County of Shelby v. McWherter*, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996). "[A] case will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party." *Clay*, 984 S.W.2d at 616; *see also Knott v. Stewart County*, 207 S.W.2d 337, 338-39 (Tenn. 1948). An appellate court will dismiss an appeal "as moot when 'by a court decision, acts of parties, or other causes occurring after the commencement of the action the case has lost its controversial character.'" *West v. Vought Aircraft Industries, Inc.*, 256 S.W.3d 618, 625 (Tenn. 2008) (citing *McCanless*, 188 S.W.2d at 747)). "Determining whether a case is moot is a question of law." *Alliance for Native American Indian Rights in Tennessee, Inc. v. Nicely*, 182 S.W.3d 333, 339 (Tenn. Ct. App. 2005); *Harriet Tubman Dev./CHA v. Locklin*, 386 S.W.3d 239, 242 (Tenn. Ct. App. 2012).

In reliance on *Robertson County v. Browning Ferris Industries*, 799 S.W.2d 662 (Tenn. Ct. App. 1990), Intervenors argue, as they did before the trial court, that "[o]nce Sumner County amended its zoning ordinance to add the new 'Mining and Quarrying Floating Zone,' the constitutionality of the old zoning ordinance became irrelevant and Western's suit challenging the old zoning ordinance became moot." We do not agree. As correctly noted by the trial court, *Robertson County* involved a *de jure* challenge to a zoning ordinance that explicitly prohibited private landfills; contrariwise, the resolution of this case calls for a factual determination of whether the ordinance that created the "floating zone" permitting quarrying activities amounts to a *de facto* exclusion of those activities because, as a practical matter, there is no place in the county in which the quarrying activities could take place. In light of such a *de facto* claim, the "logical place to begin is with the question of whether, as a matter of fact, there is no location in [Sumner] County where a new . . . [quarry] could be constructed and operated in

4

compliance with all applicable state and local regulations." *Consol. Waste Sys., LLC v. Metro Gov't. of Nashville & Davidson County*, No. M2002-02582-COA-R3-CV, 2005 WL 1541860 (Tenn. Ct. App. June 30, 2005) at \*36. This question belies the argument that the case became moot with the passage of the ordinance; consequently, we proceed to address the merits of the appeal.

We start by recognizing, as did the trial court, that "there is a presumption in favor of the validity of ordinances and those questioning its validity have the burden of proof." *Town of Surgoinsville v. Sandidge*, 866 S.W.2d 553, 555 (Tenn. Ct. App. 1993). Consistent with *Sandidge*, Western had the burden of proof at trial to show that the Zoning Resolution operates to exclude quarrying activities. For purposes of summary judgment, Intervenors had the initial burden of either affirmatively negating an essential element of Western's claim or demonstrating that Western's evidence was insufficient to establish the claim.

In their motion for summary judgment, Intervenors filed a Tenn. R. Civ. P. 56.03 statement of undisputed facts, which were responded to by Western; the fact most pertinent to the issue presented in this appeal states:

> 8. Subsequent to this Court striking the Plaintiff's third prayer for relief, the legislative body of Sumner County (i.e., the Sumner County Board of County Commissioners) passed Resolution 1405-011 May 19, 2014, amending the Sumner County Zoning Resolution to add Article XVIII, creating a new zoning district entitled "Mining and Quarrying Floating Zone," which functions as a floating zoning district throughout Sumner County.
>
> Response: Admitted, except that the floating zone amendment requires that the floating zone for mining and quarrying be located in an area zoned Industrial. See §A(1).

The admission that the new zoning district established in the resolution functioned as a floating zone that permitted quarrying negated Western's claim that quarrying was not permitted in the county and shifted the burden to Western to introduce evidence of specific facts to find in its favor.

To satisfy its burden, Western relied upon the affidavit of John Gordon,[4] pertinent portions of which state:

---

[4] Sumner County argues that the affidavit should not have been admitted or considered by the trial court and should not be considered by this court because Mr. Gordon's affidavit does not comply with the requirements of Tenn. R. Civ. P. 56.06 by failing to state that the affidavit was made on "personal knowledge" and by not referring to "specific property." The record shows that the County moved to strike Mr. Gordon's affidavit on the sole basis that he had not been identified as an expert; that motion

5

\* \* \*

2. As part of my professional duties as a licensed engineer, I have practiced extensively in the area of engineering related to quarries inquiry activities.

\* \* \*

4. Generally, when seeking a proposed location for a quarry, the minimum size of the property must be 100 acres or more.

5. The 100-acre rule is based on many separate factors for site selection. There must obviously be feasible limestone under the parcel. Just because the local government sets aside an area zoned appropriately for a quarry does not mean that there is limestone under it that can be removed feasibly.

6. The location for this type of facility is determined by the unique natural location of the limestone deposit to be mined, and is not amenable to placement at alternative site locations. Other factors for facility selection include relative proximity to transportation, topography, and availability of the property.

7. If the local regulations have unusual setback requirements, the minimum size needs to be in excess of 100 acres.

8. Given the expense of property acquisition, engineering, and accessory activities, to plan a quarry of a smaller size is not reasonable from an engineering perspective.

Western also relied on estimates contained in the county's 2035 Comprehensive Plan to establish that there are a total of 241,746 acres of land within the county's planning jurisdiction, with 71 of those acres zoned for industrial use. On the basis of that evidence, Western argues:

> As a result, the adoption of the floating zone mining and quarrying amendment to the Sumner County Zoning Regulations certainly did not remedy the total exclusion of mining and quarrying activities from the County. In fact, it merely replaced one type of prohibition with another: first, the amount of land zoned for industrial use is an absurdly low amount and second, there is not enough industrial zoning in the entire county to establish a quarry; the effect of either of these facts renders the zoning regulations a total exclusion.

We are not convinced, on the record before us, that the floating zone operates as a *de facto* exclusion of zoning in Sumner County.

---

was denied, with the court stating that it would "give the affidavit and testimony only such consideration as it is due," and allowing the County additional time to identify its expert witnesses. Having failed to present the objection to the affidavit to the trial court, it cannot be raised in the first instance on appeal. *See Barnes v. Barnes*, 193 S.W.3d 495, 501 (Tenn. 2006). In any event, the County's objections to the affidavit on appeal go only to the weight to be afforded the information and opinions expressed.

The narrow question we resolve is not whether Western's proposal to operate a quarry is feasible and should be approved but, rather, whether any quarrying activities, which are permitted under the amendment, are possible in Sumner County. The evidence relied upon by Western shows only that there are 241,746 acres of land within the County's jurisdiction, with 71 of those acres currently zoned for industrial purposes. Mr. Gordon's opinion, while informative, primarily addresses the practicality of Western's proposal within the context of the 71 acres currently zoned industrial.[5] The amendment to the zoning resolution specifically permits quarrying and mining activity; the evidence does not show that there is no land in the County where such activity can take place feasibly and in compliance with applicable regulations. *See Consol. Waste Sys., LLC.,* 2005 WL 1541860 at *40. The evidence does not establish that quarrying and mining activities are not possible.

## III. CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

RICHARD H. DINKINS, JUDGE

---

[5] His opinion does not address the possibility that land not currently zoned industrial can be rezoned.