COUNTRYWALK CONDOMINIUMS, INC v CITY OF ORCHARD LAKE
VILLAGE

Docket No. 177158. Submitted April 3, 1996, at Detroit. Decided January 3, 1997, at 9:15 A.M.

Countrywalk Condominiums, Inc., brought an action in the Oakland Circuit Court against the City of Orchard Lake Village, alleging that a zoning ordinance of the defendant that limits the plaintiff's realty to single-family residential use violates the plaintiff's constitutional rights to due process and equal protection. The plaintiff sought declaratory and injunctive relief and damages for the alleged unconstitutional taking of its property. The court, Denise Langford Morris, J., granted summary disposition for the defendant. The plaintiff appealed.

The Court of Appeals *held*:

1. The plaintiff's claim for damages is subject to the finality rule. Because the plaintiff failed to seek a zoning variance, the absence of a final decision by the defendant regarding a variance precludes the plaintiff from maintaining its claim for damages.

2. The development of land for multiple-dwelling use is a legitimate use of land. The defendant's ordinance, in excluding land use for multiple dwellings, presumptively violates equal protection. However, the defendant rebutted that presumption by showing that the exclusion of multiple dwellings is reasonably related to the public health and safety concern regarding motor vehicle traffic congestion.

Affirmed.

1. ZONING — ORDINANCES — CONSTITUTIONAL CHALLENGES — RULE OF FINALITY.

A claim that a zoning ordinance is unconstitutional as applied requires the landowner making the claim to first obtain a final decision from the zoning authority; a claim that a zoning ordinance is unconstitutional on its face does not require that such a final decision be obtained.

2. ZONING — ORDINANCES — TOTAL EXCLUSION OF LEGITIMATE LAND USES — CONSTITUTIONAL LAW.

A zoning ordinance that totally excludes a use recognized by the constitution or other laws of the state presumptively violates equal

protection; such a presumption may be rebutted by the zoning authority upon a showing that the exclusion is reasonably related to the health, safety, or general welfare of the community.

*Eric J. McCann,* for the plaintiff.

*L. Nicholas Treinen; Robert L. Bunting;* and *Johnson, Rosati, Galica, Shifman, LaBarge, Aseltyne, Sugameli & Field, P.C.* (by *Carol A. Rosati*), for the defendant.

Before: CAVANAGH, P.J., and MARILYN KELLY and J. R. JOHNSON*, JJ.

PER CURIAM. In this zoning case, plaintiff appeals as of right from an order granting summary disposition for defendant pursuant to MCR 2.116(C)(8) and (C)(10). It argues that a zoning ordinance is unconstitutional, because it completely excludes multiple family dwellings from the city. We affirm.

Plaintiff owns a 19.99 acre parcel of land located in defendant City of Orchard Lake Village. Under defendant's zoning ordinances, plaintiff's parcel is zoned as single family residential zone 3.[1] Defendant's master plan was enacted in 1982 and recommends that single family residences be the primary land use for the city. In addition, the only permitted uses under the master plan are single family residential, professional office and local business. Only one multiple family dwelling exists within the city limits. It is a sin-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The master plan provides for a range of residential density with four zoning classifications. Zone 1 has a minimum lot size of 15,000 square feet; Zone 2 has a minimum lot size of 20,000 square feet; Zone 3 has a minimum lot size of 40,000 square feet; and Zone 4 has a minimum lot size of 60,000 square feet.

gle family home that was converted to apartments and is listed as a non-conforming use.

I

On October 20, 1992, plaintiff filed suit seeking declaratory and injunctive relief from the zoning limitations on its property. In Counts I and II of its amended complaint, plaintiff claimed that the exclusion of multiple family residential use by defendant denied plaintiff substantive due process and equal protection of the law. Plaintiff's third count sought damages for an unconstitutional confiscation, because the zoning ordinance precluded the use of its land for any purpose for which it was adapted.

On June 15, 1994, the trial court granted defendant's motion for summary disposition. The court dismissed plaintiff's equal protection count, because plaintiff failed to present any evidence that the ordinance was not reasonably related to the traffic and safety concerns stated in it. The court dismissed the substantive due process count upon a finding that plaintiff had not presented sufficient evidence to establish that the ordinance was an unreasonable restriction on the use of the land and that it failed to state a legitimate governmental interest. Finally, Count III was dismissed, because plaintiff failed to exhaust its administrative remedies.

This Court reviews de novo a trial court's grant of summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). *West Bloomfield Twp v Karchon*, 209 Mich App 43, 48; 530 NW2d 99 (1995). We review the record to determine whether the defendant was entitled to judgment as a matter of law. *Borman v State Farm Fire & Casualty Co*, 198 Mich App 675, 678;

499 NW2d 419 (1993), aff'd 446 Mich 482; 521 NW2d 266 (1994).

II

As a preliminary matter, defendant asserts that all three counts should have been dismissed, because plaintiff failed to obtain a final decision from defendant regarding the use of its property. As recently clarified by the Michigan Supreme Court, a claim for compensation may allege that an ordinance is confiscatory "as applied" or "on its face." *Paragon Properties Co v Novi*, 452 Mich 568; 550 NW2d 772 (1996). A challenge to the validity of a zoning ordinance "as applied," whether analyzed under 42 USC 1983 as a denial of equal protection or a denial of due process, is subject to the rule of finality. *Id.* at 576. Finality is not required for facial challenges, because such challenges attack the very existence or enactment of an ordinance. *Id.* at 577.

In the instant case, Counts I and II of plaintiff's amended complaint alleged that the ordinance violates the due process and equal protection clauses in that it is arbitrary and capricious. Also, it fails to advance any legitimate governmental interest, including the protection of the public health, safety and welfare. As such, plaintiff makes a facial challenge to the ordinance, and finality is not required for the court to have jurisdiction over the claims.

On the other hand, Count III of plaintiff's amended complaint alleges that defendant's ordinance is confiscatory as applied to the land. In this Count, plaintiff requested damages for a taking without compensation. Because it does not allege a facial challenge to the ordinance, it is subject to the finality rule. Count

III is not ripe for review, because plaintiff failed to seek alternative relief from defendant, in the form of a variance, before bringing this action. The trial court properly dismissed Count III of the amended complaint.

III

Plaintiff argues that the zoning ordinance violates its equal protection and substantive due process rights, because it totally excludes multiple family housing from the city.

Zoning ordinances come before the courts of this state "clothed with every presumption of validity." *Kirk v Tyrone Twp*, 398 Mich 429, 439; 247 NW2d 848 (1976), quoting *Kropf v Sterling Heights*, 391 Mich 139, 162; 215 NW2d 179 (1974). However, an ordinance which totally excludes a use recognized by the constitution or other laws of the state, carries a strong taint of unlawful discrimination and a denial of equal protection of the law. *Kropf, supra* at 156. Multiple-dwelling developments have been recognized as a legitimate use of land. *Tel-Craft Civic Ass'n v Detroit*, 337 Mich 326; 60 NW2d 294 (1953).

In the instant case, defendant admitted in its answer that its zoning ordinance did not set aside any area within the city for multiple family dwellings. The fact that plaintiff could apply for a variance or a special permit does not cure the defect in the zoning ordinance. *Eveline Twp v H & D Trucking Co*, 181 Mich App 25, 34; 448 NW2d 727 (1989). Therefore, plaintiff has established a prima facie case by presenting evidence that defendant's ordinance excludes multiple dwellings. *Binkowski v Shelby Twp*, 46 Mich App 451, 461; 208 NW2d 243 (1973). The

ordinance carries a strong taint of unlawful discrimination. *Kropf, supra* at 155-156.

Although not presumed valid, because it totally excludes multiple dwellings, the ordinance will be declared valid if the exclusion has a reasonable relationship to the health, safety, or general welfare of the community. *Ottawa Co Farms, Inc v Polkton Twp,* 131 Mich App 222, 226; 345 NW2d 672 (1983). Upon a showing by the challenging party that an ordinance totally excludes a legitimate use, the zoning authority has the burden of going forward with such evidence. *Binkowski, supra; Sisters of Bon Secours Hosp v Grosse Pointe,* 8 Mich App 342; 154 NW2d 644 (1967). If the defendant provides it, the burden of proof falls upon the challenging party to show that the ordinance does not bear a real and substantial relationship to the safety or welfare of the public. *Kropf, supra; Binkowski, supra.*

In support of its motion for summary disposition, defendant provided evidence that the area was zoned primarily for single family residences because of traffic and safety concerns. The City of Orchard Lake Village is a small residential community. There are only 2,560 acres of land within the city, fifty-two percent of which are covered by water. According to defendant's traffic studies, its roads are already overburdened. For example, Pontiac Trail, a two lane road with numerous twists and turns, has a capacity of 11,350 vehicles in a twenty-four hour period. According to a traffic count in May, 1991, Pontiac Trail carried 20,200 vehicles in an average twenty-four hour period.

According to defendant, allowing multiple dwellings in the area would further congest traffic, and

safety would be compromised. By presenting this evidence, defendant sustained its burden that the ordinance bears a real and substantial relation to the public health and safety. It was incumbent on plaintiff to prove otherwise. Plaintiff did not submit evidence rebutting defendant's proofs. Therefore, we find that the trial court properly granted summary disposition for defendant.

Affirmed.