LANDON HOLDINGS, INC v GRATTAN TOWNSHIP

Docket No. 232406. Submitted March 12, 2003, at Grand Rapids. Decided June 17, 2003, at 9:15 A.M.

Landon Holdings, Inc., and Donald Osborn brought an action in the Kent Circuit Court against Grattan Township, alleging that a township zoning ordinance requiring a special-use permit for manufactured housing violated the Township Zoning Act, MCL 125.297a, because it totally excluded manufactured housing, and the Mobile Home Commission Act, MCL 125.2307, because it imposed a higher standard on manufactured housing. The plaintiffs further alleged that the ordinance violated the due process and equal protection clauses of the state and federal constitutions. The plaintiffs desired to develop a manufactured housing community on property that was zoned agricultural, but the ordinance in effect allowed manufactured housing only pursuant to a special-use permit in areas zoned R-R residential. The township moved for summary disposition, arguing that the ordinance did not improperly impose a higher standard on manufactured housing, and did not totally exclude manufactured housing. The trial court denied the township's motion and instead granted the plaintiffs summary disposition under MCL 125.2307, concluding that the special-use permit requirement constituted an improper higher standard. Subsequently, the township amended the ordinance, keeping the special-use sections, but adding a specific zoning district for manufactured housing. The township again moved for summary disposition, arguing that the plaintiffs' claims were moot because the amended ordinance created a zoning district in which manufactured housing was permitted without a special-use permit. The plaintiffs contended that such use was still virtually excluded because no property had been designated for the new district. The trial court, Donald A. Johnston, J., granted the township's motion on the basis that the amended ordinance did not improperly impose a higher standard under MCL 125.2307, or improperly exclude manufactured housing under MCL 125.297a and the state and federal constitutions. The plaintiffs appealed, and the township cross-appealed.

The Court of Appeals held:

1. The trial court did not abuse its discretion in considering the amended ordinance because there was no evidence that the ordinance was enacted in bad faith. The township was operating under the presumption that the ordinance was valid because it had been approved over ten years ago, and no one had applied for a special-use permit for manufactured housing during that time. Before this action was filed, the township began updating its master plan, which specifically included manufactured housing as a proposed land use. The township began discussing amending the ordinance before the first grant of summary disposition, and moved quickly to rectify the perceived defects in the ordinance after the court granted summary disposition. The amended ordinance applies to property throughout the township, and the fact that the amended ordinance created a new zoning district did not help or hinder the plaintiffs cause because the plaintiffs still needed to have their property rezoned in order to develop a manufactured housing community.

2. The Township Zoning Act prohibits zoning ordinances that effect a total prohibition or exclusion of a land use within the township. MCL 125.297a. The amended ordinance allows for manufactured housing zoning districts, thus it does not totally exclude this type of use on its face. Similarly, the ordinance does not have the effect of totally excluding manufactured housing, because there is no evidence that the township intends to deny special-use permits for manufactured housing, when requested, and it is logical for the township to wait for such requests rather than rezone property as manufactured housing districts absent such requests.

3. The trial court erred in concluding that the plaintiffs needed to show a total exclusion of manufactured housing in order to prevail on their due process and equal protection claims under the state and federal constitutions. Rather, if a use is totally excluded, the burden shifts to the defendant to justify the ordinance. If it is not totally excluded, a plaintiff may still prevail if he can meet the difficult burden of demonstrating that the ordinance has no reasonable relationship to a legitimate governmental interest. Here, the plaintiffs failed in their burden because it is reasonable that the township would wish to regulate the location of manufactured housing communities, just as it does other land uses, and the plaintiffs failed to show why it is unreasonable for the township to wait for requests to rezone areas for manufactured housing. Thus, the trial court did not err in granting summary disposition regarding the plaintiffs' statutory and constitutional claims.

Affirmed.

ZONING — ORDINANCES — DUE PROCESS — EQUAL PROTECTION.

> A plaintiff asserting due process and equal protection violations regarding a zoning ordinance is not required to prove that the challenged ordinance totally excludes a certain land use in order to prevail; if a use is totally excluded, the burden shifts to the defendant to justify the ordinance; if it is not totally excluded, a plaintiff may still prevail if he can demonstrate that the ordinance bears no reasonable relationship to a legitimate governmental interest (US Const, Am XIV; Const 1963, art 1, §§ 2, 17).

*Varnum, Riddering, Schmidt & Howlett, LLP* (by *Teresa S. Decker, Randall W. Kraker,* and *Jude W. Pereira*), and *Fried & Saperstein, P.C.* (by *Harold S. Fried*), for the plaintiffs.

*Mika, Meyers, Beckett & Jones, PLC* (by *William A. Horn* and *Ronald M. Redick*), for the defendant.

Amici Curiae:

*Bauckham, Sparks, Rolfe, Lohrstorfer & Thall, PC* (by *John H. Bauckham* and *John K. Lohrstorfer*), for the Michigan Townships Association.

*John D. Tallman* for Cannon Township.

Before: SCHUETTE, P.J., and SAWYER and WILDER, JJ.

SCHUETTE, P.J. Plaintiffs Landon Holdings, Inc., and Donald Osborn appeal as of right an order granting defendant Grattan Township summary disposition under MCR 2.116(C)(10).[1] Defendant cross-appeals the trial court's order granting plaintiff partial summary disposition. We affirm the grant of summary disposition and find moot the cross-appeal.

---

[1] The trial court ordered that this be the final order unless plaintiffs amended their complaint within twenty-one days. The lower court record indicates that plaintiffs did not file an amended complaint.

I. FACTS

This case arose when plaintiffs challenged a provision in defendant's zoning ordinance requiring a special use permit for manufactured housing. Osborn owned property that Landon wished to purchase and develop. After the trial court found the special use requirement invalid, defendant amended its ordinance to create a manufactured housing district. The trial court considered the amendment in its evaluation whether the ordinance violated statutory and constitutional protections.

Plaintiffs filed a complaint against defendant on December 14, 1999, challenging the defendant's zoning ordinance as a violation of the Township Zoning Act, specifically MCL 125.297a; the Mobile Home Commission Act (MHCA), MCL 125.2301 *et seq.*; and constitutional guarantees of due process and equal protection. Osborn owned approximately two hundred acres near M-44 that Landon wished to purchase and develop as a manufactured housing community.[2] The ordinance in effect at that time allowed manufactured housing pursuant to a special use permit in areas zoned R-R residential. Osborn's property was zoned agricultural. Thus, Landon's proposed development would have required both rezoning and a special use permit.

The Mobile Home Commission approved defendant's zoning ordinance in 1990. The documents in

---

[2] On appeal, defendant notes " '[m]anufactured housing community' is the term used by the industry and state regulators. It is synonymous with 'mobile home park,' which is the term used in the Mobile Home Commission Act." Plaintiffs do not dispute this aspect of the statute's terminology. These two terms will be used interchangeably throughout this opinion and will be accorded the same meaning as well.

the lower court record are not complete and primarily address setback and sewage requirements. However, they suggest that the commission was unconcerned with the special use requirement.

According to Township Supervisor Richard Herwyer, in his twelve years as a township official, defendant never received an application for a special use permit or rezoning to accommodate manufactured housing. However, in March 2000, the planning commission received a special use application from another company, Fundamental Equities, Inc., for manufactured housing in a residential district. In 1999, defendant began updating its master plan. The proposed plan stated that it would be appropriate for twenty percent of township dwelling units to be moderate density housing, including either multi-family or manufactured housing, if there were adequate land and interest.

Defendant did not file an answer to plaintiffs' complaint and instead moved for summary disposition under MCR 2.116(C)(8) and (10), arguing that (1) MCL 125.2307 only prohibits governments from imposing higher standards on individual mobile homes, not mobile home *parks* and (2) the ordinance did not violate MCL 125.297a or the constitution because it did not totally exclude manufactured housing. On May 30, 2000, after an April 28, 2000, hearing, the trial court denied defendant's motion and instead granted plaintiffs summary disposition regarding MCL 125.2307. The trial court held that the statute applied to mobile home parks and, further, that a special use permit requirement constituted an improper higher standard, relying on *Bell River Assoc v China Charter Twp*, 223 Mich App 124; 565 NW2d 695 (1997).

On June 16, 2000, defendant sought leave to appeal the order in the Court of Appeals and moved for immediate consideration. This Court denied leave to appeal on July 7, 2000. On September 26, 2000, the Supreme Court denied defendant's request for leave to appeal and for peremptory reversal.

On October 16, 2000, defendant again moved for summary disposition under MCR 2.116(C)(10). Defendant argued that plaintiffs' claims were moot because the township had amended its ordinance to create a zoning district in which manufactured housing was permitted without a special use permit. Defendant argued further that even if the issues were not moot, the trial court should apply the amended ordinance, which defendant asserted complied with MCL 125.297a, and also satisfied the requirements of due process and equal protection.

According to defendant's motion, the amendment was first discussed in May 2000, sometime between the April hearing and the trial court's order granting summary disposition. The proposed amendment was presented at a June 7, 2000, meeting of the township planning commission. The township board adopted it on June 12, 2000, and it became effective seven days after its June 14, 2000, publication in the local newspaper.

The new ordinance did not alter the special use sections, but added " 'MHC' Manufactured Housing Community" to the list of zoning districts under Section 5.01 and created a new chapter, 9-A, which sets forth the conditions for establishing an MHC district and the procedures for review of site plans. At the trial court hearing, however, defendant did not challenge the assertion by plaintiffs' attorney that no land

had actually been designated MHC. Rather, property owners must apply for rezoning to MHC.

On August 16, 2000, plaintiffs applied for rezoning, expressly declaring that they were not waiving their claim that the ordinance was invalid. The lower court record contains no further evidence regarding the status of the rezoning application.

On December 4, 2000, the trial court heard defendant's second motion for summary disposition. The court first determined that it could consider the amended ordinance. The court then held that, unlike the special use requirement, the new ordinance did not violate MCL 125.2307. The court further held that the new ordinance did not violate MCL 125.297a or constitutional guarantees because it did not totally exclude manufactured housing. In a January 12, 2001, order, the trial court granted defendant summary disposition regarding all claims. The trial court also gave plaintiffs twenty-one days to amend their complaint, in light of the amended ordinance, but plaintiffs declined to do so.

Plaintiffs now appeal the January 2001 order granting summary disposition and defendant cross-appeals the May 2000 order granting plaintiffs' motion for summary disposition regarding the old ordinance.

II. ADMISSION OF AMENDED ZONING ORDINANCE

Plaintiffs first argue that the trial court erred in admitting the amended ordinance into evidence because the amendment was made in bad faith. We disagree.

## A. STANDARD OF REVIEW

This Court reviews for an abuse of discretion a trial court's decision to admit or exclude evidence of ordinance amendments during litigation. *Keating Int'l Corp v Orion Twp*, 395 Mich 539, 548; 236 NW2d 409 (1975).

## B. ANALYSIS

In determining which version of a zoning ordinance a court should apply, " 'the general rule is that the law to be applied is that which was in effect at the time of decision.' " *MacDonald Advertising Co v MacIntyre*, sub nom *MacDonald Advertising Co v City of Pontiac*, 211 Mich App 406, 410; 536 NW2d 249 (1995), quoting *Klyman v City of Troy*, 40 Mich App 273, 277; 198 NW2d 822 (1972); *Lockwood v Southfield*, 93 Mich App 206, 211; 286 NW2d 87 (1979).

There are two exceptions to the general rule: (1) "A court will not apply an amendment to a zoning ordinance where . . . the amendment would destroy a vested property interest acquired before its enactment . . ."; and (2) a court will not apply the amendment where "the amendment was enacted in bad faith and with unjustified delay." *Lockwood, supra* at 211, citing *City of Lansing v Dawley*, 247 Mich 394, 396; 225 NW 500 (1929), and *Keating, supra* at 549. Here, plaintiffs do not claim a vested property right in this case and our analysis must focus on the second exception. "[T]he test to determine bad faith is whether the amendment was enacted for the purpose of manufacturing a defense to plaintiff's suit." *Id.*

Michigan courts have reviewed the bad faith exception several times. In *Willingham v Dearborn*, 359

Mich 7; 101 NW2d 294 (1960), the city denied the plaintiff a building permit on grounds not supported by the zoning ordinance. *Id.* at 9. The plaintiff sought a writ of mandamus on January 31, 1958, to compel issuance of the permit. *Id.* On July 24, 1958, the morning of the hearing on the issues, the defendant tried to introduce an ordinance that had been amended on June 3, 1958. *Id.* at 8-9. The trial court denied the defendant's motion and granted the plaintiff his writ. *Id.* at 9. Our Supreme Court, affirming the decision of the trial court, stated, "Indeed, the whole record considered, injustice to plaintiff might have resulted from any such last-minute order providing a defense which did not exist when the petition was filed." *Id.* at 10.

In *Klyman, supra,* this Court compared *Willingham, supra,* to *Franchise Realty Interstate Corp v Detroit,* 368 Mich 276; 118 NW2d 258 (1962), noting the similar facts but opposite results. This Court then listed several factors to consider when exercising discretion to admit evidence of an amended ordinance: (a) whether the plaintiff had an unquestionable right to issuance of a permit, (b) whether the municipality had not forbidden this type of proposed construction, (c) whether the ordinance was amended to manufacture a defense to the lawsuit, and (d) whether the city waited until the last possible minute to assert the defense—long after the pretrial conference. *Id.* at 279.

This Court then contrasted the facts of *Klyman, supra,* with the facts of *Willingham, supra.* This Court noted that the amended ordinance had wide applicability as opposed to merely affecting the plaintiff's property, that the city had never permitted the plaintiff's requested use in the particular zoning district, that the city had previously attempted to amend

the ordinance to prohibit the plaintiff's proposed use, that the plaintiff filed a motion for summary judgment on July 22, 1970, and the ordinance was amended on September 11, 1970, that the motion to amend the pleadings came before the pretrial conference, and that, while the motion to amend the pleadings came after summary judgment had been granted, this was by court order. *Klyman, supra*. This Court went on to state, "When a city acts promptly and in apparent good faith, amendment of the pleadings is in the interest of justice and should be allowed." *Id.* at 281.

In *Keating, supra*, the plaintiffs applied for site plan reviews of multiple housing developments on June 2, 1971. *Id.* at 543. The planning commission tabled the plans at five separate meetings. *Id.* at 543-544. The fifth time, the planning commission tabled the plans until after the township board met on May 2, 1972, to discuss rezoning plaintiffs' parcels to single-family residential. *Id.* at 544. Further, on April 28, 1972, plaintiffs sought a writ of mandamus to compel approval of the now consolidated site plan. *Id.* at 544. The plaintiffs' property was rezoned on June 20, 1972. *Id.* at 545. The plaintiffs amended their complaint to request that the trial court enjoin the township from rezoning the property. *Id.* at 545. The trial court declined to enjoin rezoning, but ruled that the evidence of rezoning would be inadmissible at trial. *Id.* at 545. At the end of the trial, the court granted mandamus. *Id.* at 545. In its appeal, the township argued that the apparently discordant decisions of *Willingham, supra,* and *Franchise Realty, supra,* could be reconciled on the basis of whether the amendment was in effect at the time of trial. *Id.* at 546-547. Our Supreme Court rejected this argument, reiterating

that, "the decision to admit or exclude ordinance amendments during litigation is one which rests entirely within the sound discretion of the trial court." *Id.* at 548.

Each case cited by plaintiffs and defendant regarding this issue involves a hearing on a writ of mandamus. This case does not involve a writ of mandamus—it involves allegations that the original ordinance was unconstitutional on its face. However, the discrete issue whether the trial court abused its discretion by considering the amended ordinance in its decision appears to be the same. The first two factors of *Klyman, supra,* involve a writ of mandamus analysis. However, the remaining factors outlined in *Klyman, supra,* can be applied to the facts of this case.

In 1990, the Mobile Home Commission approved defendant's zoning ordinance. Defendant appeared to be operating under the presumption that its ordinance was valid. Nobody applied for a special use permit for manufactured housing from 1988 to 2000. Therefore, the validity of defendant's ordinance had not been questioned. About March 1999, defendant began updating its master plan. The updates to the master plan before plaintiffs' lawsuit indicated defendant was not merely trying to manufacture a defense when it amended its ordinance. The proposed plan allowed twenty percent of the township to be moderate density housing, including manufactured housing. Both the original ordinance and the amended ordinance applied to property throughout the township as opposed to merely the plaintiffs' property.

Plaintiffs filed a complaint on December 14, 1999, challenging the validity of defendant's zoning ordinance. Defendant moved for summary disposition.

This indicated defendant's belief that its ordinance was valid. On May 30, 2000, after an April 28, 2000, hearing, the trial court denied defendant summary disposition. Defendant first discussed amending its ordinance in May 2000. Defendant acted immediately after the court's decision to remedy the perceived defects of the ordinance. Defendant adopted the ordinance amendment on June 12, 2000. The new ordinance added an " 'MHC' Manufactured Housing Community" zoning district. The fact that the amended ordinance created a new district neither helped nor hindered plaintiffs' situation. Plaintiffs still needed to have their property rezoned before they could develop a manufactured housing community.

Plaintiffs claim defendant acted in bad faith and with unjustifiable delay because it did not amend its ordinance until after the trial court granted summary disposition to plaintiffs. However, defendant did not violate the ordinance and then attempt to change the ordinance to justify its past behavior. Our review of the record indicates that the trial court did not abuse its discretion when it found that plaintiff failed to establish bad faith or unjustifiable delay. Accordingly, the trial court properly considered the amended ordinance.

III. EXCLUSION OF MANUFACTURED HOUSING COMMUNITIES

Plaintiff next argues that defendant's rezoning is illusory because the ordinance does not rezone any property and defendant's land use plan does not identify any property suitable for a manufactured housing district. We disagree.

### A. STANDARD OF REVIEW

This court reviews de novo a trial court's grant of summary disposition pursuant to MCR 2.116(C)(10). *West Bloomfield Charter Twp v Karchon*, 209 Mich App 43, 48; 530 NW2d 99 (1995). We review the record to determine whether the defendant was entitled to judgment as a matter of law. *Borman v State Farm Fire & Cas Co*, 198 Mich App 675, 678; 499 NW2d 419 (1993).

### B. ANALYSIS

Plaintiffs claim defendant's zoning ordinance (1) excludes manufactured housing communities in violation of the Township Zoning Act, MCL 125.297a, and in violation of substantive due process, (2) violates substantive due process because it is arbitrary, capricious, and unreasonable, and (3) violates equal protection guarantees by failing to reasonably advance a legitimate government interest.

On January 12, 2001, the trial court granted defendant's second motion for summary disposition under MCR 2.116(C)(10), after ruling at a December 4, 2000, hearing that the ordinance—as amended—is not totally exclusionary and, therefore, does not violate MCL 125.297a or the constitution. Plaintiffs argue on appeal that the ordinance is totally exclusionary and, further, that total exclusion is not required to prevail on a due process or equal protection challenge.

MCL 125.297a states:

> A zoning ordinance or zoning decision shall not have the effect of totally prohibiting the establishment of a land use within a township in the presence of a demonstrated need for that land use within either the township or surrounding

> area within the state, unless there is no location within the township where the use may be appropriately located, or the use is unlawful.

Under MCL 125.297a, a township may not totally exclude a use if the exclusion is township-wide in scope, there is a demonstrated need for the use, the use is appropriate in some location in the township, and the use is lawful. See *Adams Outdoor Advertising, Inc v Holland*, 463 Mich 675, 684; 625 NW2d 377 (2001) (interpreting a nearly identical prohibition applicable to cities, MCL 125.592); *Eveline Twp v H&D Trucking Co*, 181 Mich App 25, 32; 448 NW2d 727 (1989).

In the present case, the trial court did not reach the issues regarding whether there was a demonstrated need and appropriate location for the use, ruling instead that there was no total exclusion. The statute's language clearly precludes only total exclusion. See also *Adams*, *supra*, *Bell River*, *supra*. However, it is less clear what constitutes total exclusion.

The challenged ordinance allows for manufactured housing zoning districts. Therefore, it does not completely prohibit this type of use on its face. On the other hand, defendant did not designate any areas for manufactured housing. Accordingly, it is currently permitted only in conjunction with an approved application for rezoning or special use permit.

In *Fremont Twp v Greenfield*, 132 Mich App 199, 204; 347 NW2d 204 (1984), this Court, in analyzing whether a local ordinance violated MCL 125.297a, stated:

> Assuming, *arguendo*, that the local units of government owning the land where junkyards could be established

would refuse to give permission for such usage and, thus, that for practical purposes automobile junkyards are totally excludable in Fremont Township, such prohibition is still not invalid under § 27a unless [the additional factors are shown].

Although the trial court resolved the issue on other grounds, this statement at least suggests that the ordinance need not completely prohibit the use on its face if the practical effect is complete exclusion.

Further in *Guy v Brandon Twp*, 181 Mich App 775, 788; 450 NW2d 279 (1989), and *Eveline, supra*, this Court described the challenged ordinances with respect to whether they resulted in *effective exclusion*. In *Adams, supra*, our Supreme Court echoed that language. Indeed, the statutory language of MCL 125.297a precludes ordinances that "have *the effect of* totally prohibiting" a given land use. (Emphasis added.) Thus, an ordinance need not completely exclude a use on its face to violate MCL 125.297a. It may merely make the use a practical impossibility.

Cases interpreting the statutory total prohibition requirement have generally involved uses that already existed in the township and the courts have found no total prohibition. *Adams, supra*, (the ordinance expressly allowed existing billboards to remain); *Bell River, supra* (other property in the defendant township was already zoned for manufactured housing); *Guy, supra*, (nearly one thousand mobile home sites already existed in the township). Defendant in the present case, however, does not argue that any manufactured housing communities already exist within the township. On the other hand, a use is not necessarily excluded simply because it does not yet exist,

particularly when the defendant asserts that it has received no requests for that use.

This Court did find a total prohibition in *Eveline*, *supra*. However, in that case there was no zoning classification that would allow the desired use and the evidence demonstrated that a variance was highly unlikely. This Court stated:

> Nor does the fact that defendant could have continued its use under a variance or special permit cure the defect in the township's zoning ordinance. See *Kropf* [v *Sterling Heights*, 391 Mich 139; 215 NW2d 179 (1974)]; *Paradise Twp* v *Mt Airy Lodge, Inc*, 68 Pa Commw Ct 548; 449 A2d 849 (1982); *Dublin Properties* v *Upper Dublin Twp Bd of Comm'rs*, 21 Pa Commw Ct 54; 342 A2d 821 (1975). Merely because the township is required to tolerate a nonconforming use or could possibly permit the use by grant of a variance does not cure the defect in the township's exclusionary zoning ordinance. [*Eveline, supra* at 34.]

While this passage implies that a use must be permitted by right—rather than by special use or variance—to avoid being exclusionary, *Eveline* does not necessarily require so strict a standard.

In *Eveline, supra*, this Court specifically noted that testimony indicated that the township was unlikely to grant a variance. Thus, in that case, evidence established that the variance option was illusory and the use was in effect excluded. The language quoted above from *Eveline* could be interpreted to mean only that under the specific circumstances of that case, the possibility of a variance or special permit could not cure the defect. In the present case, there was no evidence that defendant was unlikely to grant a special use permit or to rezone property. Rather, defendant never had the opportunity to do so and

had, in fact, suggested in its revised master plan that some manufactured housing was appropriate. It is appropriate for this Court to consider a master plan as a general guide for future development. See *Bell River, supra.*

Although *Eveline* was decided in 1989, and, therefore, this Court is not bound by the decision, MCR 7.215(I), this Court repeated the statement in *Countrywalk Condominiums, Inc v Orchard Lake Village,* 221 Mich App 19, 23; 561 NW2d 405 (1997), when discussing whether total prohibition existed in the context of a due process claim.[3] However, the *Countrywalk* Court did not clarify its reference to a "special permit" and the facts indicated the desired use was permitted in the township only as a nonconforming use, not as a use requiring a special use permit. *Id.* at 20-21.

The possibility of a variance alone would likely be insufficient to prevent an ordinance from being exclusionary. However, the special permit procedure in defendant's ordinance is not an authorization to engage in *prohibited* uses, like variances,[4] rather it creates conditions to ensure that the particular use and location are appropriate. Landowners must meet much lower standards than for variances. Further, the amended ordinance allows manufactured housing not only by special use permit but also by rezoning to a manufactured housing district, which is clearly distinguishable from a variance. The use is permitted as of

---

[3] Although, as explained later in the discussion of this issue, total prohibition is not required for a due process claim, the interpretation of total prohibition in that context at least sheds light on the proper interpretation of the statutory requirement.

[4] *Paragon Properties Co v Novi,* 452 Mich 568; 550 NW2d 772 (1996).

right in that district; the township has just not yet decided where it is appropriate.

In *Kirk v Tyrone Twp*, 398 Mich 429, 442; 247 NW2d 848 (1976), our Supreme Court held that the challenged zoning ordinance was not totally exclusionary. In that case, the township's master plan earmarked two areas for future mobile home development. Even though one of the parcels had been rezoned by court order, no mobile home parks existed in the township and no landowner besides the plaintiffs had applied for rezoning or a permit. *Id.* at 434-435.

The facts of the case at hand are analogous to the facts in *Kirk, supra.* Defendant's amended ordinance included a district allowing manufactured housing communities as a permitted use. This indicates that defendant did not intend to exclude manufactured housing communities. The master plan also suggested the use was appropriate for the township.

However, unlike in *Kirk, supra,* defendant's master plan in the instant case did not designate specific parcels as suitable for manufactured housing communities. *Id.* at 435. This supports plaintiffs' contention that the ordinance was exclusionary. On the other hand, plaintiffs in the instant case, unlike the plaintiffs in *Kirk, supra,* did not apply for rezoning or a special use permit before filing their lawsuit. Furthermore, according to defendant's township supervisor, nobody had applied for a special use permit under the original ordinance during the twelve years he had been a township official.[5] Our Supreme Court stated

---

[5] In March 2000, while this lawsuit was pending, the planning commission received an application for a special use permit from another company, Fundamental Equities, Inc., for manufactured housing in a residen-

in *Kirk, supra*, "At the present time there is no evidence, in view of the apparent dearth of requests, that the township precludes the possibility of rezoning other suitable land for this purpose if needed." *Id.* at 443.

The failure to designate specific property as zoned for manufactured housing does not indicate that the ordinance amendment is illusory and that defendant has no intention of allowing manufactured housing. Rather, it was logical for defendant to wait for rezoning requests rather than rezone property to manufactured housing absent the owners' request. Plaintiffs offer no evidence that defendant never intended to designate any property for manufactured housing. In fact, the master plan suggests otherwise.

Plaintiffs also cite *Dequindre Dev Co v Warren Charter Twp*, 359 Mich 634; 103 NW2d 600 (1960), and *Nickola v Grand Blanc Twp*, 394 Mich 589; 232 NW2d 604 (1975). Plaintiffs state that in *Dequindre Dev Co, supra*, zoning was declared exclusionary even though a manufactured housing district existed next door. However, the Court in *Dequindre Dev Co, supra*, did not state that the zoning was exclusionary, but instead emphasized the owner's inability to make any use of his property and suggested that the municipality took the property without compensation. Plaintiffs do not claim they have no practical use for their property besides manufactured housing.

Defendant's amended ordinance does not totally exclude manufactured housing communities, either

---

tial district; there is no further evidence in the record regarding the application or its disposition.

effectively or on its face. Therefore, the ordinance in question does not violate MCL 125.297a.

In addition to the statutory violations of MCL 125.297a analyzed previously, plaintiffs assert violations of state and federal rights of due process and equal protection under the law.

The state and federal constitutions guarantee equal protection of the laws. US Const, Am XIV; Const 1963, art 1, § 2; *In re Hawley*, 238 Mich App 509, 511; 606 NW2d 50 (1999). When no suspect or somewhat suspect classification can be shown, the plaintiff has the burden of establishing that the statute is arbitrary and not rationally related to a legitimate governmental interest. *Crego v Coleman*, 463 Mich 248, 259; 615 NW2d 218 (2000). This test specifically applies to zoning ordinances. *Cryderman v Birmingham*, 171 Mich App 15, 26; 429 NW2d 625 (1988).

The state and federal constitutions also guarantee that no person will be deprived of life, liberty, or property without due process of law. US Const, Am XIV; Const 1963, art 1, § 17; *Marlin v Detroit (After Remand)*, 205 Mich App 335, 339; 517 NW2d 305 (1994). Unless a fundamental right is involved, the statute need only be rationally related to a legitimate governmental interest. *Electronic Data Sys Corp v Flint Twp*, 253 Mich App 538, 549; 656 NW2d 215 (2002). The essence of a claim of violation of substantive due process is that the government may not deprive a person of liberty or property by an *arbitrary* exercise of power. *Id.*

The Supreme Court has specifically said that zoning ordinances must be reasonable to comply with due process. *Silva v Ada Twp*, 416 Mich 153, 157-158; 330 NW2d 663 (1982). A zoning ordinance may be unrea-

sonable either because it does not advance a reasonable governmental interest or because it does so unreasonably. *Hecht v Niles Twp*, 173 Mich App 453, 461; 434 NW2d 156 (1988); see also *Cryderman*, *supra*.

A zoning ordinance is, in general, presumed valid, *Silva*, *supra*; *Kirk*, *supra*, and the burden is on the party challenging the ordinance, *Cryderman*, *supra*. The statement in *Sabo v Monroe Twp*, 394 Mich 531; 232 NW2d 584 (1975), that any proposed use must be permitted if reasonable was not binding precedent because it was the opinion of only one judge and, further, it has since been overruled. See *Kirk*, *supra*.

The idea that a plaintiff challenging a zoning ordinance on its face under due process or equal protection must establish *total* exclusion stems from a statement by the Supreme Court in *Kropf*, *supra*, which said that "an ordinance which *totally* excludes . . . a use recognized by the constitution or other laws of this state as legitimate also carries with it a strong taint of unlawful discrimination and a denial of equal protection of the law . . . ." *Id.* at 156. The Court made this statement after overruling the holding in *Bristow v Woodhaven*, 35 Mich App 205, 210-211; 192 NW2d 322 (1971), that the burden shifted to the defendant to prove constitutionality when the desired use was considered a "preferred use." *Kropf*, *supra* at 153-155. The Court noted that *Bristow* was correct only when it said that *total* prohibition of a use shifted the burden to the defendant. *Kropf*, *supra* at 155. The Court then explained that total prohibition created a strong taint of unlawful discrimination. *Id.* at 155-156.

The Court in *Kropf, supra* at 155-156, did not hold that total prohibition was required to prevail on either an equal protection or due process claim. Rather, the Court stated that the test under either constitutional claim is essentially whether the zoning ordinance is reasonable and, specifically, due process is violated if the ordinance either does not advance a reasonable governmental interest *or* if the exclusion of other legitimate land uses is arbitrary, capricious, or unfounded. *Id.* at 158.

*Kropf, supra* at 155-156, held only that total exclusion of a particular use shifts the burden to the defendant to establish the ordinance's reasonableness. The standard for a due process or equal protection claim remained the same; the ordinance must reasonably advance a legitimate governmental interest. *Id.* at 158.

In *Nickola, supra* at 607 n 7, 608, 612 n 13, the concurring opinion recognized that *Kropf, supra* at 155-156, did not hold that total exclusion was required for a due process claim, but instead held that it justified shifting the burden. A year later in *Kirk, supra* at 442, 444, the Court quoted the total exclusion statement in *Kropf, supra* at 155-156, and ended its analysis after finding no exclusion. However, according to the Court's description of the issues, the plaintiff claimed only an exclusion, not a general due process violation.

This Court addressed the significance of the total exclusion statement in *Kropf, supra* at 155-156, in *Ottawa Co Farms, Inc v Polkton Twp*, 131 Mich App 222, 227; 345 NW2d 672 (1983), noting that a zoning ordinance might not be presumed valid if it totally excluded a use. This Court further held that a totally exclusionary ordinance was valid only if reasonably

related to "health, safety, or general welfare." *Id.* at 225-226. However, this Court did not hold that an ordinance *must* totally exclude a use to violate the constitution. *Id.*

More recently, in *Countrywalk, supra* at 23-24, this Court clarified that a zoning ordinance was not presumed valid when it totally excluded a use and, thus, the burden was on the defendant to present evidence that it was reasonably related to a legitimate governmental interest. This Court therefore indicated that when there was no total exclusion, a claim could still be made, but the burden was on the plaintiff to demonstrate unreasonableness. This interpretation is further supported by this Court's opinion in *Bell River, supra* at 124, which analyzed the exclusionary and due process claims separately and held that the ordinance violated due process if it did not advance a legitimate governmental interest.

The essence of an equal protection claim is discrimination based on characteristics not justifying different treatment, *Crego, supra* at 258, and the essence of a substantive due process claim is the arbitrary deprivation of property or liberty interests, *Electronic Data Sys Corp, supra* at 549. An ordinance could unconstitutionally treat manufactured housing differently or unreasonably restrict it without actually prohibiting it completely. Nor does any case law hold that total exclusion is required for either constitutional claim, as discussed previously.

Therefore, a plaintiff need not demonstrate total exclusion to prevail on a due process or equal protection claim. If a use is totally excluded, the burden shifts to the defendant to justify the ordinance. *Countrywalk, supra* at 23-24. If it is not totally excluded, a

plaintiff may still prevail if he can meet the difficult burden of demonstrating no reasonable relationship to a legitimate governmental interest. See, e.g., *Cryderman, supra* at 22-25.

Defendant in the present case also argues that plaintiffs could not bring a due process claim based on the lack of reasonable relationship to a legitimate governmental interest without first exhausting their administrative remedies. Plaintiffs never sought a special use permit, nor did they wait for a response to their rezoning request. Defendant cites *Paragon Properties Co v Novi*, 452 Mich 568, 577; 550 NW2d 772 (1996), which held that "as applied" challenges require exhaustion of administrative remedies, but facial challenges do not. Plaintiffs in the present case raise facial challenges. This Court clarified in *Countrywalk, supra* at 23, that a plaintiff can bring a facial due process challenge that claims arbitrariness or capriciousness and need not exhaust any administrative remedies. Therefore, plaintiffs were not required to exhaust administrative remedies before filing suit.

In the present case, as explained earlier, the ordinance did not totally prohibit manufactured housing. Thus, plaintiffs were required to prove there was no reasonable relationship to a legitimate governmental interest. See, e.g., *Cryderman, supra* at 22-25. The analysis under equal protection and due process is essentially the same. *Doe v Dep't of Social Services*, 439 Mich 650, 682 n 36; 487 NW2d 166 (1992). Under the reasonable relationship test, a law should be upheld if supported by any facts known or reasonably assumed. *Vargo v Sauer*, 457 Mich 49, 61; 576 NW2d 656 (1998).

Although no evidence was presented regarding the reason defendant made manufactured housing permissible only by special use permit or in manufactured housing districts, it is reasonable that defendant would wish to regulate the location of manufactured housing communities within the township just as it regulates the location of other uses. Plaintiffs have not shown why it is unreasonable for defendant to wait to rezone certain areas for manufactured housing rather than either permitting them by right in existing districts or specifically designating certain areas as manufactured housing districts before owners even apply for rezoning.

Plaintiffs failed to meet the burden required to establish a violation of due process or equal protection. No genuine issue of material fact existed. Therefore, although the trial court erred when it held that a total exclusion was required in order to prove a constitutional violation, it did not err when it granted defendant summary disposition of both the statutory and constitutional claims under MCR 2.116(C)(10).

Our decisions on plaintiffs' issues are dispositive and, as a result, we decline to address defendant's issues on cross-appeal.

Affirmed.