*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROSEWOOD VILLAGE PHASE II, LLC,

Plaintiff-Appellant,

v

PITTSFIELD CHARTER TOWNSHIP,

Defendant-Appellee.

UNPUBLISHED
March 2, 2023

No. 360354
Washtenaw Circuit Court
LC No. 20-000915-NZ

Before: JANSEN, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Plaintiff, Rosewood Village Phase II, LLC, appeals as of right three separate orders of the trial court in this zoning ordinance dispute: (1) the order granting defendant, Pittsfield Charter Township's, motion in limine to preclude plaintiff from pursuing damages; (2) the order denying plaintiff's motion to compel discovery; and (3) the order granting defendant's motion for summary disposition. We affirm.

## I. FACTUAL BACKGROUND

In December 2002, Rock Rosewood Construction, LLC and Rosewood Village, LLC (collectively, "the developer") began developing condominiums in Pittsfield Township. The project would include 336 residential units built in two phases—180 units built in the first phase, and 156 in the second. The master deed provided that the developer was not required to expand the project beyond the first phase, and could "establish all or a portion of the future development area as a separate project (or projects) as any other form of development."

In 2007, with the downturn in the economy, the developer determined that the ability to sell the additional condos in phase II was untenable, so it decided to build phase II as apartments instead. Thus, the developer, through plaintiff, its affiliate, constructed the apartments in a manner identical to the condos. Also in 2007, plaintiff and Rosewood Village Co-owners Association entered into an easement agreement providing for a perpetual easement for use of an area on Platt Road "for the purpose of constructing, maintaining, and replacing signage identifying the development to be located on the Development parcel." The phase II apartments were in the back

-1-

of the complex behind the condos; thus, plaintiff placed a "for-rent" sign in the sign easement area at the entrance to the complex on Platt Road.

In 2018, plaintiff was issued several municipal civil infraction notices of violation by Pittsfield Township Zoning Administrator, Belinda Kingsley, requiring plaintiff to remove its sign. Plaintiff contacted Benjamin Carlisle, the Township Planner, who ultimately informed plaintiff that because the two projects were now under separate ownership and operated by two different entities, plaintiff could not maintain the sign on land it did not own regardless of the easement, citing the township zoning ordinance.

## II. PROCEDURAL HISTORY

Plaintiff filed suit alleging seven counts. In Count I, plaintiff alleged misapplication of the sign regulations that limited signs to business conducted on the premises. In Count II, plaintiff argued that defendant should be estopped from interpreting the sign regulations to preclude plaintiff from exercising its rights under the easement agreement to erect its sign. In Count III, plaintiff alleged that defendant's interpretation of the sign regulation was a violation of Const 1963, art 1, § 5, freedom of speech, because the regulations were content-based restrictions which unconstitutionally discriminated between categories of commercial speech based on the customer and the content. In Count IV, plaintiff alleged an equal protection claim under Const 1963, art 1, § 2, because defendant's refusal to allow plaintiff to market the apartments had the effect of unreasonably favoring homeowners, primarily Caucasian, over apartment dwellers, predominantly African American. In Count V, plaintiff alleged a violation of the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq.*, because the regulations had the effect of discriminating in the terms, conditions, or privileges of a real estate transaction, MCL 37.2502(1), and by creating a restriction that indirectly limits the use or occupancy of apartments on the basis of race, MCL 37.2505. In Count VI, plaintiff alleged that defendant's interpretation of the sign regulation constituted an unconstitutional taking of plaintiff's property under Const 1963, art 10, § 2. Lastly, in Count VII, plaintiff alleged that the sign regulations deprived plaintiff and other similarly situated persons of their right to due process under Const 1963, art 1, § 17.

Plaintiff moved to compel discovery, seeking all notices of violation of the township sign ordinances that defendant issued dating back to 2007, and documentation from a search of defendant's "BS&A" system.[1] Defendant responded, asserting that the requests were overly broad, disproportional, and unduly burdensome. Then defendant filed a motion in limine to preclude plaintiff from pursuing damages because the complaint only sought equitable relief, and plaintiff abused the discovery process. Plaintiff asserted that the complaint also sought legal relief, and denied the allegations of gamesmanship during discovery. The court denied plaintiff's motion to compel, weighing the request against proportionality, and granted defendant's motion in limine, stating that plaintiff's claim for $1.5 million in damages was not pleaded with specificity.

Defendant then moved for summary disposition, arguing that Counts I, II, III, IV, and VII were rendered moot by the enactment of amended township sign regulations, that plaintiff's equal

---

[1] "BS&A" was an acronym for the software used by the township code enforcement officer to track complaints.

protection claim failed to allege intentional discrimination, that plaintiff's ELCRA claim was frivolous because the cited section only applied to real estate transactions, and that plaintiff's takings claim was not ripe for adjudication because plaintiff did not appeal to the Zoning Board of Appeals (ZBA) as provided by the sign ordinance. The trial court generally agreed with defendant's arguments, and dismissed plaintiff's complaint in its entirety.

## III. SUMMARY DISPOSITION

We address plaintiff's arguments regarding summary disposition first for the most efficient disposition of this appeal. Defendant moved for summary disposition under MCR 2.116(C)(4), (8), and (10). A trial court's grant or denial of summary disposition is reviewed de novo. *Braun v Ann Arbor Charter Twp*, 262 Mich App 154, 157; 683 NW2d 755 (2004). Summary disposition is appropriate under MCR 2.116(C)(4) when "[t]he court lacks jurisdiction of the subject matter."

Summary disposition is appropriate under MCR 2.116(C)(8) when a party fails to state a claim upon which relief can be granted. A motion under this subrule tests the legal sufficiency of a complaint. *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). The trial court may only consider the pleadings in deciding a motion under MCR 2.116(C)(8). *Id*. The trial court must accept as true all of the factual allegations in the complaint. *Dolan v Continental Airlines/Continental Express*, 454 Mich 373, 380-381; 563 NW2d 23 (1997). "The motion should be granted if no factual development could possibly justify recovery." *Beaudrie*, 465 Mich at 130.

Summary disposition is proper under MCR 2.116(C)(10) when "there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law." *Dextrom v Wexford Co*, 287 Mich App 406, 415; 789 NW2d 211 (2010). The Court "must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists. A question of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence." *Id*. at 415-416.

## A. MOOTNESS

Plaintiff argues that the trial court erred in dismissing the following counts as moot because they pertained to the old version of the township sign regulations: Count I (misapplication of the old ordinance); Count II (declaratory relief (equitable estoppel)); Count III (freedom of speech); Count IV (equal protection); and Count VII (due process). To determine which version of a zoning ordinance should apply, "the general rule is that the law to be applied is that which was in effect at the time of decision." *Landon Holdings, Inc v Grattan Twp*, 257 Mich App 154, 161; 667 NW2d 93 (2003) (quotation marks and citations omitted). An exception to this rule exists when "the amendment was enacted in bad faith and with unjustified delay." *Id*. (quotation marks and citations omitted). "[T]he test to determine bad faith is whether the amendment was enacted for the purpose of manufacturing a defense to plaintiff's suit." *Id*. (quotation marks and citation omitted).

The "old ordinance" of the township zoning ordinance was adopted in 2015, with amendments made in 2017. In 2021, defendant amended the ordinance to comply with *Reed v Town of Gilbert, Ariz*, 576 US 155; 135 S Ct 2218; 192 L Ed 2d 236 (2015), to be content neutral and so not in violation of the First Amendment. Thus, according to the general rule, *Landon*

*Holdings, Inc*, 257 Mich App at 161, the amended version of the statute would apply because it was in effect at the time of the trial court's decision on defendant's motion for summary disposition.

Plaintiff argues, however, that at a minimum, a question of fact exists regarding whether the amendments were suit-defensive. Section 15 of the old ordinance limited advertisement signs to the premises they were intended to serve. On February 9, 2021, Carlisle drafted a letter to defendant, advising amendment of the sign regulations to make them "content neutral," as required under *Reed*. The letter states that this was an opportunity to "clean up the ordinance to strengthen the code and eliminate other sign code issues that have been identified," and that one amendment was "[a]dded 'content-neutral' temporary sign regulations." Nowhere in the letter is this litigation mentioned. When the ordinance was amended, the purpose of the sign regulations was still to minimize the "harmful effects on the public health, safety, and welfare," but no longer contained the language "protecting the character of the various neighborhoods in Pittsfield Township." However, Section 40-15.12(3) of the amended regulations, regulating temporary signs, still provided, "Unless otherwise specified, all temporary signs shall be located on the premises they are intended to serve." Although amended six years after *Reed* was issued, it is clear that the intent of the amendment was to comply with *Reed* and ensure that the zoning ordinance was content neutral. Thus, plaintiff has not established that a genuine issue of material fact exists whether the ordinance amendment was suit-defensive.

In granting defendant's motion for summary disposition, the trial court agreed with defendant that the issues in Counts I, II, III, IV, and VII were moot because "the old ordinance is not the subject matter of this litigation[.]" The applicability of a legal doctrine, such as mootness, is a question of law reviewed de novo. *TM v MZ*, 501 Mich 312, 315; 916 NW2d 473 (2018). As a general rule, courts will not entertain moot issues or decide moot cases. *Id*. at 317. "A moot case presents nothing but abstract questions of law which do not rest upon existing facts or rights. It involves a case in which a judgment cannot have any practical legal effect upon a then existing controversy." *Id*. (quotation marks and citations omitted). In other words, "[a]n issue is moot if an event has occurred that renders it impossible for the court to grant relief." *Attorney General v Public Serv Comm*, 269 Mich App 473, 485; 713 NW2d 290 (2005).

Given the conclusion in Issue I to affirm the trial court's grant of defendant's motion in limine to preclude plaintiff from seeking damages, the only relief plaintiff seeks is declaratory and injunctive. However, because Counts I, II, III, IV, and VII relate to the old ordinance, and plaintiff never amended the complaint, the issues in these counts are rendered moot because it is impossible for the court to grant declaratory or injunctive relief in regards to the old statute. Thus, the amendment rendered it impossible for the court to grant the only relief left available. Accordingly, the trial court properly granted defendant summary disposition of Counts I, II, III, IV, and VII of plaintiff's complaint because they are moot.[2]

---

[2] Plaintiff argues that these counts are not moot because defendant rejected its most recent application to put up its sign. Plaintiff alleges that it submitted a new application for signage after the regulation amendments in August 2021. Plaintiff asserts that after the trial court granted

## B. EQUAL PROTECTION

Although Count IV, plaintiff's equal protection claim, was properly dismissed as moot as concluded in the previous discussion, we write further to affirm the dismissal of this nonmeritorious claim. A trial court's decision whether a statute violates equal protection is reviewed de novo. *In re Eggleston Estate*, 266 Mich App 105, 115; 698 NW2d 892 (2005).

"All statutes and ordinances are presumed to be constitutional and are construed so unless their unconstitutionality is clearly apparent." *Houdek v Centerville Twp*, 276 Mich App 568, 573; 741 NW2d 587 (2007). Plaintiff alleged an equal protection of the law claim under the Michigan Constitution only, Const 1963, art 1, § 2. The purpose of the equal protection clause is to secure every person against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution. *Village of Willowbrook v Olech*, 528 US 562, 564; 120 S Ct 1073; 145 L Ed 2d 1060 (2000). The equal protection guarantee requires that persons under similar circumstances be treated alike. *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 486 Mich 311, 318; 783 NW2d 695 (2010). "When an ordinance is challenged on the basis of equal protection guarantees, the ordinance is presumed constitutional, and the challenging party has the burden to show that the established classification is not rationally related to a legitimate state interest." *Houdek*, 276 Mich App at 585. "Where the proponent of an equal protection argument is not a member of a protected class, or does not allege violation of a fundamental right, the equal protection claim is reviewed using the rational basis test." *Id*. A rational basis for legislation exists when any set of facts is known or can be reasonably assumed to justify the discrimination. *In re Eggleston Estate*, 266 Mich App at 115.

In Count IV of the complaint, plaintiff alleged that "upon information and belief," defendant's refusal to allow plaintiff to erect the sign represented an effort by defendant "to maintain racial homogeny," and that the sign regulations as applied to plaintiff and "other persons similarly situated not before the court" deny plaintiff equal protection because they have the effect of unreasonably favoring Caucasian property owners over African American apartment dwellers. All of plaintiff's principals are Caucasian. Plaintiff alleged that the sign regulations were arbitrary and unreasonable, and without substantial relation to the public health, safety, morals, or general welfare of the community, and that defendant could offer no compelling interest to justify the discrimination. Plaintiff argues on appeal that the evidence is sufficient to support its equal protection claim. We disagree.

Jeff Cohen, plaintiff's principal, testified that plaintiff had its sign up until 2018, which coincided with the timing that the condo association became under new management. Then the township started issuing plaintiff citations. Cohen testified that he had conversations with

---

defendant's motion for summary disposition, defendant denied plaintiff's sign application because the sign exceeded the regulation height requirements. As this occurred after the trial court entered its order granting summary disposition, the "sign permit denial" attached as an exhibit to plaintiff's brief on appeal was not part of the lower court record, and therefore not properly before this Court. See *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). Regardless, plaintiff's most recent sign application, filed after plaintiff initiated this lawsuit, is irrelevant to the issues on appeal.

association members and they referred to the apartment tenants as "those people," and wanted apartment tenants to have a separate entrance to the community facilities. He thought it was a "fair assumption" that defendant and the association were "in lockstep" to ensure the apartment development did not succeed. Steve Rosenthal, president of Rock Companies, also testified that after the new condo association management took over, the members wanted a separate door for the apartment tenants, and believed defendant and the association had "an understanding" or "collusion." Kingsley first testified that she remembered receiving complaints from condo residents by telephone, but then said she did not recall receiving any and could not recall how many. This evidence fails to establish any intentional or arbitrary discrimination by defendant against plaintiff.

Plaintiff also argues that it did present evidence of a similarly situated comparator that was treated differently. Carlisle testified that he was not aware of any other signs within the township for residential developments where the sign was placed on property not owned by the party placing the sign. He was not aware of any citations issued for putting up a sign on property not owned by the person or entity placing the sign. At his deposition, he was shown a picture of a sign similar to plaintiff's at the intersection of Rolling Meadow Lane and Platt Road for Arbor Farms, a different housing development, only 300 yards away from where plaintiff's sign was removed on Platt Road. He did not know how long the sign was up, if it had received any permits, or if it was permitted under the sign regulations. This evidence also does not establish a genuine issue of material fact that a similarly situated comparator was treated differently than plaintiff. Therefore, the trial court properly granted defendant summary disposition of plaintiff's equal protection claim.

## C. ELCRA CLAIM

Plaintiff cited MCL 37.2502(1) and MCL 37.2505(1) in its complaint for its ELCRA claim. MCL 37.2502(1) prohibits discrimination on the basis of religion, race, color, national origin, age, sex, familial status, or marital status by a "person engaging in a real estate transaction." In dismissing this claim, the trial court concluded that the statute involves a real estate transaction, which does not fit the facts of this case, and the ELCRA was not "intended to protect developers who are not of a minority in their marketing strategy." Indeed, Rosenthal testified that defendant was not involved in the sale or purchase of the condos, or the renting of the apartments. Plaintiff concedes on appeal that MCL 37.2502(1) only applies to real estate transactions. Therefore, the trial court properly dismissed this claim.

Rather, plaintiff relies on MCL 37.2505(1) to support its ELCRA claim, arguing on appeal that this section is not limited to real estate transactions. This statute provides, in relevant part:

> A condition, restriction, or prohibition, including a right of entry or possibility of reverter, that directly or indirectly limits the use or occupancy of real property on the basis of religion, race, color, national origin, age, sex, familial status, or marital status is void, . . . .

Plaintiff makes a cursory argument on appeal that "[t]he township's interpretation, which was adopted by the Trial Court without explanation, suggests that an ordinance such as the one at issue

in the instant case could never be challenged as violative of the ELCRA because it would not directly involve a real estate transaction. That is simply not the case."

Plaintiff's argument misstates the record. The trial court clearly relied on MCL 37.2502 rather than MCL 37.2505 because it stated that the specific statute only applied to real estate transactions. Thus, plaintiff's argument that the trial court's decision suggests that such an ordinance could never be challenged under the ELCRA unless it involves a real estate transaction misinterprets the record and trial court decision. It does not appear that the trial court considered MCL 37.2505 in its analysis. Nonetheless, plaintiff bears the burden of proving that defendant acted with illegal discriminatory animus and that the discriminatory animus was causally related to defendant's action. *Harrison v Olde Fin Corp*, 225 Mich App 601, 612-613; 572 NW2d 679 (1997). "Direct evidence" of discrimination is "evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor[.]" *Hazle v Ford Motor Co*, 464 Mich 456, 462; 628 NW2d 515 (2001) (quotation marks and citation omitted). Here, plaintiff has failed to show that defendant imposed a condition, restriction, or prohibition that limits the use of the apartments on the basis of race based on plaintiff not being able to post its sign on the condo's property. MCL 37.2505. Thus, the trial court properly granted defendant summary disposition of this claim. *Kyocera Corp v Hemlock Semiconductor, LLC*, 313 Mich App 437, 449; 886 NW2d 445 (2015) ("We will affirm a trial court's decision on a motion for summary disposition if it reached the correct result, even if our reasoning differs.").

## D. TAKINGS CLAIM

Plaintiff argues that the trial court erred in finding that its takings claim was not ripe for review, thereby dismissing that claim, because plaintiff failed to exhaust its administrative remedies. Plaintiff asserts that it was not required to appeal to the ZBA because plaintiff is not challenging the citations issued by the Zoning Administrator, Kingsley, but rather, plaintiff is challenging Carlisle's decision to preclude plaintiff from placing its sign, and the ZBA does not have authority over Carlisle's decisions as the Township Planner. We disagree.

Section 17.03 of the old ordinance provided that the ZBA "shall hear and decide appeals where there is an error alleged in any order, requirement, decision, or determination made by the Zoning Administrator in the enforcement of this ordinance." It also provided that "[a] party aggrieved by the decision [of the ZBA] shall have the right to appeal to the circuit court on questions of law and fact." The old ordinance defined "zoning administrator" as "the official of the Township of Pittsfield charged with the administration of this Ordinance." There is no dispute that Kingsley was the Zoning Administrator who issued the municipal civil infraction notices to plaintiff. The amended zoning ordinance in Article XVII, Section 40-17.08, also provides for an appeal to the ZBA.

As stated above, summary disposition is proper under MCR 2.116(C)(4) when "[t]he court lacks jurisdiction of the subject matter." When a plaintiff fails to exhaust its administrative remedies, summary disposition for lack of jurisdiction under MCR 2.116(C)(4) is proper. *Braun*, 262 Mich App at 157. The trial court did not err in determining that plaintiff's taking claim was not ripe for review. The zoning ordinance, both the old and new version, require an appeal to the ZBA. Although plaintiff claims it is appealing the decision of Carlisle rather than the citations issued by Kingsley, the Zoning Administrator, this differentiation is irrelevant. Kingsley issued

the citations, and when plaintiff reached out to defendant for further information, Carlisle provided the informational letter. It would be improper to allow plaintiff to bypass the appeal procedure simply because plaintiff received this informational letter from Carlisle, which gave further information as to the basis of the citations as to why plaintiff could not maintain its sign. Thus, the trial court did not err in determining that plaintiff's takings claim was not ripe for review, and summary disposition was proper under MCR 2.116(C)(4).

## IV. DAMAGES AND DISCOVERY

Lastly, plaintiff argues that the trial court abused its discretion in granting defendant's motion in limine to preclude plaintiff from pursuing damages and denying plaintiff's motion to compel discovery because the requested documents would have assisted in establishing plaintiff's claim that defendant applied the sign regulations differently to plaintiff than to similarly situated property owners. Plaintiff's claims regarding these two issues are moot in light of our decision to affirm the trial court order granting defendant's motion for summary disposition, see *Attorney General*, 269 Mich App at 485, and need not be addressed.

Affirmed. Defendant, having prevailed in full, may tax costs under MCR 7.219(F).

/s/ Kathleen Jansen
/s/ James Robert Redford
/s/ Christopher P. Yates